BRYANT *v.* GREEN.

5-1006                                          293 S. W. 2d 447

Opinion delivered June 18, 1956.

[Rehearing denied October 1, 1956.]

*Robert J. Brown,* for appellant.

*Parker Parker,* for appellee.

SAM ROBINSON, Associate Justice. This is a suit by the appellees to foreclose a vendor's lien on property sold to appellants, Raymond C. Bryant and his wife, Lydia. Burl Johnson, Bryant's tenant, is also made a party defendant. The land is located in Yell County, and the Bryants were served with summons in Pulaski

County. In addition to asking for judgment on the debt secured by the lien, the appellees seek a judgment for money owed by the appellants on open account. The Bryants filed a motion to strike that part of the complaint dealing with the open account; the Chancery Court's action denying the motion is one of the principal issues on direct appeal.

On cross-appeal appellees contend, among other things, that all payments had been applied by appellees to the open account, and that the chancellor erred in applying any of the payments made by the Bryants to the indebtedness secured by the lien.

In 1948, appellees, W. H. Green and Viola Green, sold to appellants, Raymond C. Bryant and Lydia C. Bryant, 200 acres of land in Yell County for the consideration of $12,000, of which $3,000 was paid in cash, and the vendor's lien retained for $9,000, at 6% interest. Subsequently, Green extended credit to Bryant on various items totalling $3,691.23. Bryant paid to Green a total of $6,970.49. At the request of Bryant, D. B. McClure, a public accountant, figured the balance owed by Bryant to Green. McClure was called as a witness by Green, and at the conclusion of his testimony it was not clear as to just how much was owed on the indebtedness secured by the lien, or the balance on the open account. The court said, speaking to counsel for both sides: "Will you let Mr. McClure figure all of that and send me the figures? Will that be all right to both of you?" The lawyers on both sides stated that it would. Later, the court prepared a statement of findings and it is set out therein that $7,634.90 is owed by the Bryants which is secured by the lien, and that, in addition, Raymond Bryant is indebted to W. H. Green in the sum of $1,817.29.

Appellants say that the court erred in denying their motion to strike that part of the complaint alleging an indebtedness other than the one secured by the vendor's lien; that there is a misjoinder of causes of action; that the Yell Chancery Court does not have jurisdiction to render judgment on an open account where the defendants have been served with summons in Pulaski County.

In support of this contention, appellants cite *Barr* v. *Cockrill*, 224 Ark. 570, 275 S. W. 2d 6, to the effect that "in order to obtain judgment against a defendant in a county other than that in which a suit is brought on a transitory action, said defendant must be jointly liable with a defendant who resides or is summoned in the county where the suit is filed." Of course, this is a correct statement of the law, but it has no application here. Ark. Stats. § 27-1301 is controlling, and provides: "Several causes of action may be united in the same complaint, where each affects all the parties to the action, may be brought in the same county,' be prosecuted by the same kind of proceedings, and all belong to one of the following classes: First. Claims arising out of contracts, express or implied . . ." Appellants contend that this statute is not applicable here because Burl Johnson, Bryant's tenant, who was in possession of the real property, was made a party as well as Lydia Bryant, the wife of Raymond C. Bryant. Lydia Bryant is liable on the debt secured by the vendor's lien, and it is claimed by Green that she is liable on the open account. Johnson was the Bryants' tenant; no judgment was rendered against him, and he is not an appellant here. This entire controversy grows out of contracts between the parties. Moreover, the Bryants filed an answer prior to filing a motion to strike.

Appellants also argue that the court erred in charging them with a $100 item and a $600 item, and failing to give them credit for an additional payment of $1,000. But we cannot say the court's finding in respect to these items is contrary to a preponderance of the evidence. Appellant also says that the statute of frauds applies to the $100 item and the $600 item. It is contended that Bryant is being required to answer for the debts of another; however, it appears that these were original obligations of Bryant.

On cross-appeal, appellees contend that the court erred in applying payments made by Bryant to the indebtedness secured by the lien; that Green had applied the payments to the open account, which he had a right to do as Bryant had not directed that the payments be

applied to either account. It appears from the record, however, that Bryant made the payments on the lien debt, that Green had so understood it, and had applied the payments accordingly. Bryant testified as follows:

"Q. The transaction you entered into, being the balance of the payments on the place, were to be made at the rate of $1,000.00 per year, bearing 6% interest?

A. That is correct.

"Q. Each payment was to have the interest taken out of it and the balance applied on the principal?

A. Yes, sir.

"Q. And the residue applied to the principal?

A. That is right.

"Q. Did you, this year, go to the home of Mr. and Mrs. Green to ascertain the state of the note?

A. Yes, sir.

"Q. Did you and he look at the records and from them take off the payments that had been made and putting them down and then having him to sign showing that they had been paid?

A. Yes."

The witness introduced in evidence a statement of the lien account set out at the bottom of an affidavit regarding the legal title to the land. It appears that the payments were applied against the lien indebtedness, and we cannot say the chancellor's holding in this respect was contrary to a preponderance of the evidence.

On cross-appeal, appellees make other points, all of which we have examined carefully, but we find no error.

The decree is affirmed on appeal and on cross-appeal.