BARR *v.* COCKRILL, JUDGE.

5-587                                                    275 S. W. 2d 6

Opinion delivered February 7, 1955.

*Harry Crumpler, Walter L. Brown, Surrey E. Gilliam, Robert C. Compton* and *Melvin E. Mayfield,* for petitioner.

*Barber, Henry & Thurman,* for respondent.

MINOR W. MILLWEE, Justice. Petitioners are residents of Columbia and Union counties and seek a writ of prohibition against a judge of the Pulaski Circuit Court to restrain said court from proceeding with the trial of a certain action there pending in which petitioners were made party defendants.

The record discloses that the Receiver of Allied Underwriters, an insolvent Texas reciprocal inter-insurance exchange, filed suit in the Circuit Court of Pulaski County, Arkansas, to recover certain assessments levied against more than 100 Arkansas policyholders in said exchange or company. Said assessments are in different amounts and the separate judgments sought against each of the defendants are based upon separate contracts of insurance. Thirteen of said defendants reside in Pulaski County and were served with summons in said county. The remaining defendants, including the petitioners, are non-residents of Pulaski County. Petitioners were served with summons issued out of Pulaski County but in their respective counties of Columbia and Union by the respective sheriffs of said counties.

The complaint filed by the Receiver in Circuit Court alleges venue and jurisdiction to be in Pulaski County as to all defendants for the reason that 13 of them reside in Pulaski County; and that the suit is maintainable in said county against the remaining non-resident defendants under Ark. Stats. Secs. 27-806 and 27-811, "because each of said defendants is a party to this cause and all of them are severally liable upon the same obligation or instrument as hereinafter alleged, and by reason of the fact that plaintiff is entitled to relief severally against each of such defendants for amounts within the jurisdiction of this Court under and arising out of the same transaction, occurrence, and series of transactions and occurrences, and questions of law and fact common to all of the defendants will arise in this action, all as is hereinafter more fully alleged." There is attached to the complaint a copy of a "Subscriber's Agreement" which it is alleged petitioners either entered into or by which they are otherwise bound, and which provides that the subscribers shall have no joint funds or stock, and that no subscriber shall be bound for the obligation of any other subscriber.

The complaint filed in circuit court also sets out the name and residence of each of the defendants, the

number of the separate policy or policies issued to each, the period said policy was in force, and the amount of the annual premium alleged to be due on each of said policies. The prayer of the complaint is for separate judgments against each defendant in the different amounts set forth opposite the name of each such defendant.

Motions to quash service were duly filed by the several petitioners in Circuit Court alleging that the attempted service upon them in Columbia and Union Counties was void and the Pulaski Circuit Court without jurisdiction because only separate, individual, and not joint, causes of action were sought against them in the suit. After a hearing and upon the entry of an order by the Circuit Court denying the motions to quash service, petitioners filed the instant application for a writ of prohibition.

It is the contention of petitioners that under our venue statutes as construed by this court, there must be a joint liability between them and some of the defendants who are residents of Pulaski County in order for the Pulaski Circuit Court to have obtained jurisdiction over them in a transitory action such as the one involved here. It is undisputed that the Receiver claims only separate or several liability against petitioners, and not joint, common or equal liability, in the suit in Pulaski Circuit Court.

Beginning in 1911 with the case of *Wernimont v. State*, 101 Ark. 210, 142 S. W. 194, this court has repeatedly held that in order to obtain judgment against a defendant in a county other than that in which a suit is brought on a transitory action, said defendant must be jointly liable with a defendant who resides or is summoned in the county where the suit is filed. Some of the subsequent cases to the same effect are: *Hoyt v. Ross*, 144 Ark. 473, 222 S. W. 705; *Metzer v. Mann*, 183 Ark. 40, 34 S. W. 2d 1069; *Coca-Cola Bottling Co. v. Swilling*, 186 Ark. 1149, 57 S. W. 2d 1029; and *Terry v. Plunkett-Jarrell Grocer Co.*, 220 Ark. 3, 246 S. W. 2d 415, 29 A. L. R. 1264.

In construing certain sections of our venue statutes, which now appear as Ark. Stats. Secs. 27-613 and 27-615,[1] this court said in the Wernimont case: ''It is the policy and spirit of our law, enacted into statute by our Legislature, that every defendant shall be sued in the township or county of his residence. To this general principle there are statutory exceptions, chiefly in cases where there is a *joint liability* against two or more defendants residing in different counties. In such cases it is provided that suits may be brought in the county of the residence of any of the defendants, and service of summons can then be had upon the other defendants in any county, thereby giving jurisdiction over their persons to the court wherein the suit is thus instituted. Kirby's Digest, § 6072 and 4558 [Ark. Stats. 27-613 and 26-304] But, before this jurisdiction can be acquired by virtue of these statutes over the person of such defendants nonresident of the county wherein the suit is instituted, it is essential that the defendant resident of the county where the suit is brought shall be a *bona fide* defendant. By our statute, it is further provided that, before judgment can be had against such nonresident defendants, a judgment must be obtained against the resident defendant. Kirby's Digest § 6074 [Ark. Stats. 27-615]''. (Italics supplied.)

But respondent earnestly contends that the foregoing cases were in effect overruled by our decision in *Gibson* v. *Talley*, 206 Ark. 1, 174 S. W. 2d 551, and that ''joint liability'' is no longer necessary for a court to establish proper venue and jurisdiction over the defendant petitioners in the circumstances presented here. That case dealt with the question whether the maker and

---

[1] Sec. 27-613, provides: "Every other action my be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." Sec. 27-615 reads: "Where any action embraced in section 96 (27-613), is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of summons in another county than that in which the action is brought, where no one of the defendants is summoned in that county, or resided therein at the commencement of the action, or where, if any of them resided, or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him."

endorser of a promissory note could be joined in one suit where they resided in different counties and service of summons was obtained on each in the county of his residence. We there held the rule of "joint liability" inapplicable in such case in view of Ark. Stats. Sec. 68-811 which makes the maker and endorser of a promissory note "equally liable" and subject to joint suit thereon. In so holding we overruled *Lingo* v. *Swicord*, 150 Ark. 384, 234 S. W. 264, which had held to the contrary. We also criticized former use of the term "joint liability" in certain cases in the sense of liability of the same grade and weight instead of common liability on the same cause of action, but expressly limited our holding to a case involving the maker and endorser of a promissory note.

In applying the rule announced in the Wernimont case in *Myers* v. *Lillard*, 215 Ark. 355, 220 S. W. 2d 608, we again used the term "joint liability." Also in *Terry* v. *Plunkett-Jarrell Grocer Co., supra,* decided in 1952, we said: "Thus, before a cause may be prosecuted against a defendant outside the county of his residence, there must be a resident defendant or a defendant summoned in the county in which the suit is brought, against whom there is a *bona fide* claim of joint liability." Neither of these cases involved negotiable instruments.

Respondent also insists that proper venue and jurisdiction over petitioners in the circuit court action are afforded by reason of the provisions of Ark. Stats. Secs. 27-806 and 27-811.[2] It should be noted that these

___

[2] Sec. 27-806 is Sec. 1 of Act 334 of 1941, which reads in part: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiff's according to their respective rights to relief, and against one or more defendants according to their respective liabilities." Sec. 27-811 was § 34 of the Civil Code and reads: "Persons severally liable upon the same contract, including parties to bills of exchange, promissory notes placed upon the footing of bills of exchange, common orders and checks, and sureties on the same or separate instrument, may all, or any of them, or the representatives of such as may have died, be included in the same action, at the plaintiff's option."

statutes do not relate to venue but appear in our statutes under the heading of "Parties" while Secs. 27-613 and 27-615, *supra,* appear under the heading "Venue." It is true that under § 27-806 parties who are only severally liable may be joined as party defendants in one action but this does not mean that a court acquires jurisdiction over the person of such parties in the absence of proper service upon them as provided in our venue statutes. Although petitioners may properly be joined as party defendants in the Pulaski Circuit Court action this does not mean that the court has jurisdiction to proceed against them in the absence of valid service of process upon them in Pulaski County.

Respondent also relies on *Means* v. *Marshall,* 210 S. W. 2d 604, where the Texas Court of Civil Appeals, on facts and under venue statutes similar to those involved here, held that in order to maintain a suit against a non-resident defendant, the plaintiff need only allege and prove that his cause of action against the resident defendant is intimately connected with the cause of action against the non-resident defendant even if their liability is only several. In so holding the Texas Court followed previous interpretations of their venue statutes different from that adopted by this court in construing our own statutes.

We still adhere to the general principles announced in the Wernimont case and hold that, in a case such as the one pending in Pulaski Circuit Court, defendants in the position of petitioners are not subject to the jurisdiction of that court on the service upon them in their respective counties unless they are jointly liable with a defendant who resides or is summoned in Pulaski County. Again, we use the term "jointly liable" in the sense that there must be a common liability of the defendants on the same cause of action. It is clear from the complaint filed in Circuit Court that only several liability is alleged against petitioners and that separate

judgments are sought against each defendant for a different debt based on separate policies of insurance.[3]

The writ of prohibition is therefore granted restraining the Pulaski Circuit Court from proceeding further in the causes against these petitioners until and unless proper service is had upon them.

---

[3] Reciprocal or Inter-insurance is defined in 29 Am. Jur., Insurance, § 16, as follows: "By the term 'reciprocal insurance', or 'inter-insurance' or 'interindemnity', as it is sometimes called, is meant that system whereby individuals, partnerships, or corporations, engaged in a similar line of business, undertake to indemnify each other against a certain kind or kinds of losses by means of a mutual exchange of insurance contracts, usually through the medium of a common attorney in fact appointed for that purpose by each of the underwriters, under agreements whereby, as among themselves, each member separately becomes both an insured and insurer with several liability only. Thus, while the reciprocal system of insurance resembles both Lloyds and mutual insurance, it differs materially from both. For instance, in Lloyds all the underwriting members are insurers, but all are not insured, whereas in reciprocal insurance all the members are both insurers and insured. Under the latter system, there is only a separate and several liability, whereas the liability of members of mutual companies is joint and several. Again, mutual companies often are incorporated, whereas reciprocal associations or exchanges have no corporate existence, although the attorney as such often does become incorporated."