ATKINS PICKLE COMPANY, INC. *v.*
BURROUGH-UERLING-BRASUELL CONSULTING
ENGINEERS, INC. and Allen R. HENSON

CA 80-406                                      611 S.W. 2d 775
Court of Appeals of Arkansas
Opinion delivered February 11, 1981

898

*Friday, Eldredge & Clark*, by: *John Dewey Watson*, for appellant.

*Harper, Young, Smith & Maurres*, by: *Thomas C. Harper*, and *Barber, McCaskill, Amsler, Jones & Hale*, by: *Austin McCaskill, Sr.*, for appellees.

Tom Glaze, Judge. The ultimate issues in this case on appeal involve venue. The appellant, Atkins Pickle Company, Inc., (Atkins) engaged the appellee, Burrough-Uerling-Brasuell Consulting Engineers, Inc., (Engineers) to design and supervise the construction of a brine storage area for

cucumbers. The storage area was constructed on Atkins' property in Pope County, Arkansas. Atkins also engaged Arkansas Erectors, Inc., (Erectors) and Arkansas Structural Products, Inc., (Structural) to assist in the construction and installation of the storage facility. The other appellee, Allen R. Henson, (Henson) an engineer and agent of Structural, participated with Engineers in the overall design and preparation of the plans and specifications for the facility.

After the storage facility was constructed and installed, Atkins contends that due to faulty design and installation, the concrete walls of the facility moved, causing it to leak brine and thereby ruin the cucumbers contained therein. Atkins filed suit in Pope County against Engineers, Erectors, Structural and Henson. Since National Surety Corporation (National) was the surety and bonding company for the performance of Structural and Erectors, Atkins also sued and joined National. None of the parties sued by Atkins are residents of Pope County nor were they served with summons in Pope County. All of the parties entered special appearances, challenging the Pope County venue. The trial court held it had venue in the actions against Erector, Structural and National but not against Engineers and Henson. Atkins appeals the court's adverse ruling involving Engineers and Henson and raises two points for reversal.

Atkins first argues that there is joint or common liability between all of the parties it sued in Pope County and since the Pope County Circuit Court held it had venue over Erector, Structural and National, venue also exists as to Engineers and Henson.

In most cases, our Arkansas General Assembly has provided by law that a defendant must be sued in the county of his residence. The General Assembly has on occasion enacted laws which permit venue to be found in a county other than a defendant's residence. The trial court did so in the instant case as to National, and in doing so, the court based its action on Ark. Stat. Ann. § 66-3234, which in pertinent part provides:

66-3234. Suits against insurers — Venue. — (1) An

action brought in this State by or in behalf of the insured or beneficiary against an insurer as to a loss occurring or benefits or rights provided under an insurance policy or annuity contract shall be brought in either:

(a) The county in which the loss occurred, . . . or

(b) The county of the insured's residence at the time of the loss or death . . .

The court below also relied on the case of *Ray Ross Construction Company, Inc.* v. *Raney*, 266 Ark. 606, 587 S.W. 2d 46 (1979), wherein our Supreme Court construed § 66-3234, above, and held:

. . that the residence of the beneficiary on the surety bond and the county in which the loss occurred are sufficient to establish venue on a subcontractor's complaint against a surety.

Although the case at bar does not involve a subcontractor's suit against a surety, the trial court did apply § 66-3234 and held venue was established in Atkins' suit against National. Moreover, the court found that the bond issued by National named and covered the performance of Erectors and Structural, and further found these two parties to be properly and jurisdictionally before the court. Atkins assumes by its argument in this appeal that the trial judge correctly applied the law in establishing venue over National, Erector and Structural, but claims the court erred only in not extending its jurisdiction to include Engineers and Henson. We do not agree.

The landmark case of *Wernimont* v. *State*, 101 Ark. 210, 142 S.W. 2d 194 (1911) is instructive in deciding the venue question at hand. The court in *Wernimont* stated:

It is the policy and spirit of our law, enacted into statute by our Legislature, that *every defendant shall be sued in the* township or *county of his residence. To this general principle there are statutory exceptions, chiefly in cases where there is a joint liability against two or more defendants, residing in*

*different counties. In such cases it is provided that suits may be brought in the county of the residence of any of the defendants, and service of summons can be had upon the other defendants in any county,* thereby giving jurisdiction over their persons to the court wherein the suit is thus instituted. Kirby's Digest, §§ 6072 [Ark. Stat. Ann. § 27-613 (Repl. 1979)] and 4558. *But, before this jurisdiction can be acquired by virtue of these statutes over the person of such defendants non-resident of the county wherein the suit is instituted, it is essential that the defendant resident of the county where the suit is brought shall be a bona fide defendant.* By our statute, it is further provided that, before judgment can be had against such non-resident defendant, a judgment must be obtained against the *resident defendant.* Kirby's Digest § 6074 [Ark. Stat. Ann. § 27-615 (Repl. 1979)]. [Emphasis supplied.]

Since the *Wernimont* case, the Supreme Court has repeatedly held that in order to obtain judgment against a defendant who resides in a county other than that in which a suit is brought, the defendant must be jointly liable with a defendant who resides or is summoned in the county where the suit is filed. See *Barr* v. *Cockrill, Judge,* 224 Ark. 570, 275 S.W. 2d 6 (1955); *Terry* v. *Plunkett-Jarrell Grocery Company,* 220 Ark. 3, 246 S.W. 2d 415 (1952), and *Meeks* v. *Waggoner,* 191 Ark. 189, 85 S.W. 2d 711 (1935). In the case at bar, it is agreed that none of the parties sued by Atkins is a resident of Pope County. In fact, National is the only party against whom a summons could be issued by law and it was done pursuant to a specific statute, *viz.* § 66-3234 above. Atkins actually served its complaint and summons on National by having the sheriff deliver it to the Arkansas Insurance Commissioner in Little Rock as National's agent. Whether venue was correctly established as to National, Erector and Structural is not at issue in this appeal. For purposes of our decision, it is unnecessary for us to decide whether National was "summoned" in Pope County as that term was considered and contemplated by our Supreme Court in the cases of *Wernimont, Barr, Meeks* and *Terry.* In these cases, the Supreme Court was presented with facts wherein the law suit was filed in the county in which the defendant resided or was personally served with process. The reasoning and the decisions in

these cases would not appear to be decisive of the venue issue before us. Regardless of the questions one might have concerning how venue should be established in the case before us, the law is clear that joint or common liability must exist between National, assuming it is properly "summoned" in Pope County, and the non-resident defendants, Engineers and Henson. Under the facts of this case, we find no joint or common liability exists between National, Engineers and Henson. The only liability which National could incur would arise out of whatever damages Atkins can successfully prove against and attribute to Erectors and Structural. Neither Engineers nor Henson is named in National's surety bond. Thus, if Atkins were successful in its suit against Engineers and Henson, National would not be obligated or affected on its bond.

Atkins further claims that joint liability does exist between all of the parties because of allegations in the complaint which attributes negligence to all defendants jointly and severally. Of course, if any of the parties except National had been legally summoned in Pope County, Atkins' argument might have merit. This, however, is not the case. It was National which was summoned and whether or not joint or common liability exists must be determined or measured commencing with National and its common liability, if any, with the other defendants. It shares none with Engineers or Henson.

The second argument advanced by Atkins that venue lies in Pope County is that Ark. Stat. Ann. § 27-601 (Repl. 1979) controls Section 27-601 (Repl. 1979) provides as follows:

> . . . Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated, . . .
>
> * * *
>
> Fourth. For an injury to real property . . .

It was orally argued by Atkins that injury occurred to its

property because brine leaked onto the soil. Moreover, Atkins claims that the storage facility was a fixture and is, therefore, real property. If so, Atkins further argues the damage to the storage facility was an injury to real property and venue would be controlled by § 27-601 above.

Since no testimony or evidence was presented, our review of this case is limited to the pleadings. So, we consider Atkins' contentions in light of the allegations contained in its complaint. The complaint fails to allege any damages to the real property owned by Atkins, and contrary to what may have been inferred in oral argument, the complaint is silent as to any damages Atkins may have sustained to its real property due to brine leaking into the soil. Where Atkins sets forth specific damages in its complaint, there is no mention of any monetary damages sought for anything other than that which was directly related to the storage facility.

Thus, for Atkins to prevail in its contention, we must find from the complaint that the storage facility is a fixture and, therefore, real property within the context that term is used in § 27-601 above. After a careful study of the allegations contained within the complaint, we are unable to do so. A fixture has been defined by our Supreme Court as property originally personal which, being affixed to the soil or to a structure, is clearly a part of the soil and, being affixed or attached to the land, has become a part thereof. It must also be annexed to the freehold for use in connection therewith and so arranged that it cannot be removed without injury to the freehold. *Continental Gin Company* v. *Clement*, 176 Ark. 864, 4 S.W. 2d 901 (1928). In *Clement*, the Court held an elevator in a cotton gin did not become a fixture, since it was not shown that it could not be removed without injury to the freehold. The allegations in Atkins' complaint never mention that the storage facility was affixed or attached to the property nor that it would injure the freehold if removed. The facts alleged by Atkins refer to prefabricated base slabs and pre-cast-prestressed panel walls. The common usage of the term prefabricate indicates that the items employed in the construction of the storage facility were fabricated elsewhere but brought to the Atkins site for installation. Without evidence or assertions in the complaint to the contrary, it is

certainly reasonable to infer that the prefabricated items could also be removed from the Atkins site if Atkins so elected. We cannot insert words or language into Atkins' complaint to provide the storage installation was affixed and could not be removed without causing injury to the real property. Although we might envision facts by which this storage facility could be a fixture, we are unable to do so from the complaint before us.

For the reasons stated above, we affirm the trial court's decision.

Affirmed.

CORBIN, J., not participating.

FOGLEMAN, Special Judge, joins in the opinion, but would also hold that National Surety Corporation was not summoned in Pope County.