JUNCTION CITY SCHOOL DISTRICT and Arkansas
Department of Education, et al. *v.*
Margaret ALPHIN, et al.

92-1274                                                855 S.W.2d 316

Supreme Court of Arkansas
Opinion delivered June 14, 1993

*Winston Bryant*, Att'y Gen., by: *Tim Humphries*, Senior Asst. Att'y Gen.; *Elizabeth Boyter Murdock*, Department of Education; and *Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Dan F. Bufford* and *Brian Allen Brown*, for appellants.

*Mitchell, Blackstock, Simmons & Barnes*, by: *Clayton R. Blackstock, Marcia Barnes*, and *David L. Ivers*, for appellees.

ROBERT L. BROWN, Justice. The appellees are teachers with the appellant Junction City School District in Union County. They filed a complaint in Pulaski County Circuit Court against the School District and appellants Arkansas Department of Education and Burton Elliott, its director ("Department"), alleging that during the 1987-88 school year the School District distributed an increase in net current revenue to certified personnel contrary to the express provisions of one section of Act 34 of 1983, codified as Ark. Code Ann. § 6-20-319(4) (1987)[1]. The appellees also alleged that the Department failed to terminate state aid as it was obliged to do when the School District did not comply with that Act. The trial court agreed with the appellees' contention and awarded them damages to be paid by the School District. It further concluded that the Department should deny state aid to the School District because of noncompliance with the statute.

The School District and Department mount several arguments on appeal, including lack of venue for the School District in Pulaski County Circuit Court. We agree that venue for the School District did not lie in Pulaski County. The Department further contends that the trial court erred in its reading of Act 34 and in failing to apply the correct standard of review to an interpretation by an administrative agency. We disagree and affirm the trial court on these points.

---

[1] Act 34 has been amended by Act 401 of 1991 to provide that school districts might amend the salary schedules and use the 56 percent money to satisfy pay increases for "experience and additional hours or degrees."

## FACTS

This case turns primarily on a section of Act 34 of 1983, which read in 1988 in pertinent part as follows:

> In order for a district to be entitled to state aid under the provisions of this subchapter, each district shall satisfy the following requirements:
>
> . . . .
>
> (4) Each district in the state shall pay its certified personnel an amount equal to at least seventy percent (70%) of its net current revenue. Not less than eighty percent (80%) of seventy percent (70%) of each school district's increase in net current revenue over the net current revenue received the previous school year less the total salary expenditure required to fund additional certified personnel added to the staff of the district in the school year shall be divided equally among the certified personnel positions existing in the district in that year unless the board of directors of the district and a majority of the teachers agree to a different distribution. The district shall file with the State Board of Education annually a salary schedule for its certified employees which recognizes a minimum level of training and experience. This schedule shall reflect the actual pay practices of the district, including all fringe benefits.

During the 1987-88 school year, the School District had 59 certified employees who were entitled to receive an equal portion of the 56 percent increase in net current revenue. The increase in net current revenue for that school year was $219,144.28. That meant $122,720.79 was available for distribution. During the relevant school year, three and one-half additional certified personnel were added to the employment rolls whose salaries totaled $71,063.50. That amount was credited against the increase under Act 34, leaving $51,657.29, according to the appellees, to be distributed to certified personnel. Prior to distribution, the School District deducted amounts awarded employees for "position upgrades" and "experience increments." The result was that instead of each certified person receiving a salary increase of $875.55, much less was awarded.

On July 6, 1990, the appellees filed suit against the School District and the Department in Pulaski County Circuit Court, alleging noncompliance with Act 34 by both defendants. They further alleged that the Department agreed that the School District could deduct these amounts against the revenue to be distributed. Because of its erroneous interpretation, according to the appellees, the Department refused to terminate state aid to the School District.

The School District filed a motion to dismiss and an objection to venue, arguing that because it was located in Union County the District was not subject to a suit for debt in Pulaski County. The trial court denied the motion to dismiss.

Following a bench trial, the trial court found: 1) Act 34 was not ambiguous; 2) the School District's credits against amounts to be distributed for position upgrades and experience increments was improper because the credits were not authorized by the statute; 3) the School District had violated the law and damages for the underpaid amount were appropriate; and 4) the Department should deny state aid until the School District complied with Act 34.

## I. VENUE

We first address the issue of venue. The School District urges on appeal that Pulaski County was not the proper venue for a suit against it under Ark. Code Ann. § 16-60-116(a) (1987) because it did not reside in that county, nor was it summoned there. The School District argues instead that the appellees' case against it was a debt case, and venue under the appropriate statute — Ark. Code Ann. § 16-60-111 (1987) — was only cognizable in Union County.

In determining venue, we look to the pleadings. *See Mack Trucks* v. *Jet Asphalt and Rock Co.*, 246 Ark. 101, 437 S.W.2d 459 (1969). In the complaint filed by the appellees, they prayed for a declaration that Act 34 was improperly interpreted, for damages against the School District, and for the Department to cut off state aid until the district came into compliance. It is undisputed that venue in Pulaski County was proper for the Department. The issue, then, is whether the same holds true for the School District.

The controlling statute for venue over multiple defendants reads:

> (a) Every other action may be brought in any county in which the defendant, or one (1) of several defendants, resides or is summoned.
>
> . . . .
>
> (c) Where any action embraced in subsection (a) of this section is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of summons in another county than that in which the action is brought, where no one of the defendants is summoned in that county, or resided in that county at the commencement of the action, or where, if any of them resided, or were summoned in that county, the action is discontinued or dismissed as to them, or judgment in the action is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him.

Ark. Code Ann. § 16-60-116(a) and (c) (1987).

██ Decades ago, this court added a gloss to this venue statute and held that where venue is appropriate for one defendant, it will only lie for a co-defendant when that co-defendant is jointly liable with the resident defendant. *See B-W Acceptance Corp.* v. *Colvin*, 252 Ark. 306, 478 S.W.2d 755 (1972); *Barr* v. *Cockrill*, 224 Ark. 570, 275 S.W.2d 6 (1955); *Terry* v. *Plunkett-Jarrell Grocer Co.*, 220 Ark. 3, 246 S.W.2d 415 (1952); *Wernimont* v. *State*, 101 Ark. 210, 142 S.W.2d 194 (1911); *Atkins Pickle* v. *Burrough-Uerling-Brasuell*, 271 Ark. 897, 611 S.W.2d 775 (Ark. App. 1981). The issue we must resolve is whether joint liability was alleged against the School District and the Department. Looking at the complaint, we cannot say that it was. To be sure, the trial court was requested to declare what Act 34 meant in connection with actions by both the School District and the Department. But the remedy requested against the School District was damages and that against the Department was a directive that state aid be terminated due to violation of the statute.

We confronted the issue of joint liability in *Barr* v. *Cockrill*, *supra*. In *Barr*, the receiver for an insurance exchange filed suit to recover assessments against 100 policyholders based on their separate contracts of insurance. The suit was brought in Pulaski County where 13 policyholders lived. We concluded that joint liability did not exist for the nonresident policyholders, stating:

> Again, we use the term "jointly liable" in the sense that there must be a common liability of the defendants on the same cause of action. It is clear from the complaint filed in Circuit Court that only several liability is alleged against petitioners and that separate judgments are sought against each defendant for a different debt based on separate policies of insurance.

224 Ark. at 575-576, 275 S.W.2d at 9.

Similarly, in the case before us, joint liability was clearly lacking. The School District was sued for debt for failure to pay salary increases as mandated by statute. The Department was sued for termination of state aid. In no wise can the liability or the remedy requested against the two parties be considered "joint" under our cases where the Department was not liable for damages, and the School District was not endowed with authority to terminate state aid. We have said in this regard that separate liability arising out of the same circumstances is not sufficient to establish venue; common liability is what is required. *Barr* v. *Cockrill, supra*; *see also Atkins Pickle* v. *Burrough-Uerling-Brasuell, supra*.

Accordingly, we reverse the trial court's judgment against Junction City School District and dismiss the suit against it for lack of venue.

## II. RELIEF AGAINST THE DEPARTMENT

What remains for our review is the relief awarded the appellees against the Department. The trial court in its judgment first declared what the relevant section of Act 34 says:

> 1. Act 34 of 1983, codified as Ark. Code Ann. § 6-20-319(4)(a) (Supp. 1989), is an unambiguous Act under which school districts must calculate 56% of their increase in net current revenue, subtract the amount paid for

certified personnel "added to the staff" and then divide what is left "equally" among certified personnel positions existing in the District that year.

It then awarded relief against the Department:

(b) The Court declares that DOE has illegally abdicated its executive branch responsibility of interpreting and applying the law to [Legislative] Audit;

(c) The Court declares that the DOE's "rules" are invalid under the Administrative Procedure Act and are contrary to the express language in Act 34;

(d) DOE is ordered to withhold state aid from Junction City until the requirements of Act 34 are satisfied as to the Plaintiffs in this suit. Ark. Code Ann. § 6-20-319; 303(c) and 16-11-110(a).

We begin by noting that we observe no ambiguity in the language of Act 34. The Act by its terms applies to certified personnel. Certified personnel are defined in Act 34 as teachers and administrators. See Ark. Code Ann. § 6-20-307(a) (1987). It is clear to us that the School District is required to pay certified personnel an amount equal to 56 percent of its increase in net current revenue, and if it does not do so, it does not qualify for state aid. There is only one deduction contemplated by statute, and that is for additional certified personnel added to the staff that school year. There is no provision under the statute for credits to be given for amounts paid for position upgrades and experience increments. Yet the Department agreed that these credits could be made, the result being that the equality of treatment envisioned by Act 34 was lacking in the School District for the 1987-88 school year. By continuing to provide state aid to the School District in contravention of the express terms of Act 34, the Department ran afoul of the Act.

We give no credence to the Department's argument that its conclusion that the School District was in compliance amounts to an agency "rule" interpreting Act 34 which is entitled to great deference by the courts. It does not appear that a rule interpreting Act 34 was formally promulgated by the Department, but it is unnecessary for us to reach that point because we do not believe the pertinent parts of Act 34 require interpretation.

■ Ordinarily, an interpretation by a state agency is highly persuasive. *Arkansas Contractors Licensing Bd.* v. *Butler Constr. Co.*, 295 Ark. 223, 748 S.W.2d 129 (1988). But that is so when there is an ambiguity in the statute at issue, and an agency interpretation is warranted. Here, that is not the case. Act 34 calls for equal distribution of the revenues to certified personnel and makes no provision for deductions for position upgrades and experience increments. We have held that where a statute is plain and unambiguous, we will not interpret it to mean anything other than what it says. *Townsend* v. *State*, 292 Ark. 157, 728 S.W.2d 516 (1987); *Hinchey* v. *Thomasson*, 292 Ark. 1, 727 S.W.2d 836 (1987).

We conclude that the interpretation placed on Act 34 by the Department was clearly wrong in light of the plain language of the statute and that the trial court was correct in ordering that state aid to the School District be terminated.

Reversed in part; affirmed in part.

GLAZE, J., not participating.