STEVE STANDRIDGE INSURANCE, INC.
*v.* The Honorable Don LANGSTON, Circuit Judge

95-310 900 S.W.2d 955

Supreme Court of Arkansas
Opinion delivered July 10, 1995

*Pryor, Barry, Smith, Karber & Alford*, by: *Thomas B. Pryor*, for appellant.

*Bradley & Coleman*, by: *Jon R. Coleman*; and *Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Robert E. Hornberger*, for appellee.

DAVID NEWBERN, Justice. An airplane owned by Flanco Leasing, Inc., and CCT, Inc. (the owners), was destroyed in a crash. The owners sued General Insurance Company of America (SAFECO), contending an insurance policy issued by SAFECO covered the loss. SAFECO defended on the ground that the airplane was used as a charter, an activity not covered by the policy in question. The complaint also stated an alternative negli-

gence claim against the petitioner, Steve Standridge, Inc., (Standridge) the insurance agency which procured the policy for the owners. It was alleged that Standridge knew the status and usage of the airplane and negligently failed to obtain the proper policy.

Standridge is a citizen oᶠ Montgomery County. The action was brought in Sebastian County where SAFECO was served. Standridge contends Sebastian County is not the proper venue with respect to the claim against it, even if it is proper as to SAFECO, because there is no allegation of joint liability. The owners contend that Standridge waived the claim of improper venue, that the writ should not issue because there are facts to be determined by the Trial Court, and that the venue issue is moot because judgment has been entered against SAFECO. We agree with Standridge that there is no allegation of joint liability and that there has been no waiver. Nor do we conclude that there is a factual question to be answered by the Trial Court or that the venue issue has been entirely mooted by the judgment against SAFECO. We, therefore, issue the writ.

 Issuance of a writ of prohibition is limited in most instances to cases in which there is a complete lack of jurisdiction in the trial court of the subject matter of litigation and there is no other way to halt the proceedings. *Monroe Auto Equipment Co.* v. *Partlow*, 311 Ark. 633, 846 S.W.2d 637 (1993). This Court, however, has a long history of granting the writ in favor of a party as to whom venue is improperly laid. We characterize the venue issue as one of jurisdiction of the person, the improper assertion of which, in that instance, justifies issuance of a writ of prohibition. That tradition and the reasons for it are reported and explained in *Prairie Implement Co.* v. *Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299 (1992).

### 1. Joint liability

 Arkansas Code Ann. § 16-60-116(a) (1987) deals with venue when there are defendants residing and summoned in separate counties. It provides, "Every other action may be brought in any county in which the defendant, or one (1) of several defendants, resides or is summoned." This provision supplies the only possible basis upon which Standridge may be sued in Sebastian County in this case. Standing alone, it would seem to permit the

action to be brought against SAFECO and Standridge together in Sebastian County, as there is no venue issue with respect to the action against SAFECO and the two of them are being sued together. That is not the case, however, for as we explained recently in *Junction City Sch. Dist.* v. *Alphin*, 313 Ark. 456, 855 S.W.2d 316 (1993):

> Decades ago, this court added a gloss to this venue statute and held that where venue is appropriate for one defendant, it will only lie for a co-defendant when that co-defendant is jointly liable with the resident defendant. *See B-W Acceptance Corp.* v. *Colvin*, 252 Ark. 306, 478 S.W.2d 755 (1972); *Barr* v. *Cockrill*, 224 Ark. 570, 275 S.W.2d 6 (1955); *Terry* v. *Plunkett-Jarrell Grocer Co.*, 220 Ark. 3, 246 S.W.2d 415 (1952); *Wernimont* v. *State*, 101 Ark. 210, 142 S.W.2d 413 (1942); *Atkins Pickle* v. *Burrough-Uerling-Brasuell*, 271 Ark. 897, 611 S.W.2d 775 (Ark. App. 1981).

In *Barr* v. *Cockrill, supra,* we explained that the joint liability must be "common liability of the defendants on the same cause of action." Although the claims in this case arise from the same transaction or occurrence, *i.e.,* the insuring of the airplane, they are not joint liability claims, and they state different causes of action.

### 2. Waiver

A claim of improper venue may be waived if there is a failure to object. *Davis* v. *Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). Standridge objected at the outset of the litigation and has not relented. A waiver may also occur, however, if the party objecting to venue seeks affirmative relief in the action with respect to which the venue objection has been made. *Thompson* v. *Dunlap*, 244 Ark. 178, 424 S.W.2d 360 (1968). SAFECO attempted to remove this case to a United States District Court, contending that Standridge had been fraudulently joined as a party solely to defeat federal jurisdiction. The United States District Court ultimately remanded the case to the Sebastian Circuit Court after finding that removal was not warranted.

While the case was before the United States District Court, Standridge apparently did not contend that removal to the fed-

eral court was improper due to improper state court venue. In addition, Standridge moved for summary judgment in the federal court.

■ Our conclusion is that neither the failure to press the state court venue issue in the federal court nor the request for affirmative relief there caused a waiver of the venue issue in the Sebastian Circuit Court proceedings.

The owners cite two cases which state that, for there to be proper removal, the state court must have jurisdiction that can be conferred to the federal court; thus it is necessary for the federal district court to determine if venue was proper in the state proceedings. *Still* v. *Missouri Pacific Railroad Co.*, 355 F.Supp. 78 (1971); *Cobb* v. *National Lead Co.*, 215 F.Supp. 48 (1963). From these cases, the owners conclude that Standridge was obliged to raise the state court venue issue to the federal court.

In response, Standridge points out that the federal court determined that removal was improper, and remanded the case to the Sebastian Circuit Court. Accordingly, regardless of what took place in federal court, the state proceedings essentially "picked up where they left off," which was just after Standridge filed its motion to dismiss. In support of this argument, Standridge cites *B-W Acceptance Corp.* v. *Colvin, supra,* where we said:

> We cannot agree with respondent that petitioner's removal of the case to the United States District Court or its subsequent remand had the effect of waiving the question now raised as to venue. Upon remand, the case stood in the state court in the same position it would have had it never been removed, and it was the duty of the state court to proceed as if it had never been removed.

*See also Trinity Universal Insurance Co.* v. *Robinson*, 227 Ark. 482, 299 S.W.2d 833 (1957).

In addition, Standridge calls our attention to the fact that the federal court, after finding that Montgomery County was within the Western District, declared the venue issue moot. Standridge argues that this ruling effectively foreclosed consideration of the issue during the removal proceedings.

In *Allstate Ins. Co.* v. *Bourland*, 296 Ark. 488, 758 S.W.2d 700 (1988), we said:

> Allstate has been unable to cite, and we have been unable to find, any case in which there was a remand from the federal to the state court where it was held that a state court must treat a pleading filed in the federal court as having been filed in the state court for any purpose.

That case, coupled with the *B-W Acceptance Corp.* and *Trinity Universal Insurance* cases, indicates that whatever happens in a federal court has no bearing on the proceedings in state court once the case has been remanded after an unsuccessful removal attempt.

### 3. Fact issue

The owners argue that, while ruling on Standridge's motion to dismiss, the Trial Court resolved a factual dispute in that he determined the "legal effect of the facts." Under these circumstances, they contend that a writ of prohibition is not a proper remedy, citing *Porter Foods Inc.* v. *Brown*, 281 Ark. 148, 661 S.W.2d 388 (1983), and *Twin City Lines, Inc.* v. *Cummings*, 212 Ark. 569, 206 S.W.2d 438 (1947).

In the *Twin City Lines* case a factual dispute existed because certain evidence was in direct conflict. Helen Pearce was killed in a bus accident while riding on a bus owned by Twin City Lines. The administrator of her estate filed a negligence action against Twin City Lines in Benton Circuit Court. The applicable venue statute provided that such an action might be brought either in the county where the accident happened or the county where the deceased resided at the time of her death. At the hearing on Twin City Lines' motion to dismiss for improper venue, there was a factual dispute concerning the decedent's residence. The administrator offered proof that the decedent resided in Benton County. Twin City Lines presented evidence that her true residence was Sebastian County. The Trial Court found that she resided in Benton County, and therefore, venue in Benton Circuit Court was proper. As it was necessary for the Trial Court to decide a question of fact to determine the proper venue, we held that prohibition was not proper.

In *Porter Foods, Inc.* v. *Brown*, on the other hand, there was

a dispute concerning whether certain facts indicated the application of a particular venue provision. In that case, Charles Swafford filed a complaint in Greene County in which he alleged that Porter Foods breached an employment contract and stock purchase agreement. Summons was served on the president of Porter Foods in Pulaski County and also on a salesman for Porter Foods located in Greene County. Porter Foods moved to dismiss for improper venue contending venue was proper only in the county where the defendant resided or was served, and thus it should have been sued in Pulaski County rather than in Greene County. In response, Swafford contended that Porter Foods maintained a branch office or other place of business through its salesman in Greene County, and Greene County was a proper venue under a statute that provides that a corporation may be subject to suit in any county in which it maintains a branch office. *See* Ark. Code Ann. § 16-58-125 (1987). The Trial Court held that venue was proper and denied the motion to dismiss.

This court denied prohibition, carefully pointing out that there does not necessarily have to be a factual dispute for the jurisdiction of the trial court to rest on a factual determination. We said:

> When jurisdiction depends on the establishment of facts or turns on facts which are in dispute, the issue is one correctly determined by the trial court [citations omitted]. This does not necessarily mean that the evidentiary facts presented must be in dispute, but rather the legal effect of such facts is in controversy between the parties. A question of fact must be determined.

> * * *

> In the case at bar, the question decided by the court below involved a determination from facts presented, of whether or not the activities in Green County constituted an "other place of business . . . . " It is this type of jurisdictional factual dispute that is properly resolved by the trial court and not by this court on a writ of prohibition.

From these cases, it appears that a writ of prohibition will not be issued as long as resolution of the venue (jurisdiction) issue rests on one of two possible kinds of factual determina-

tions. The first instance is where, as in the *Twin City Lines* case, the evidence presented by both parties is in direct conflict, and the trial court's resolution of this conflict was the basis of its denial of the motion to dismiss for improper venue. The second kind is illustrated in the *Porter Foods, Inc.*, opinion, where the evidentiary facts are not in direct conflict; however, there is a dispute over whether the established facts "fit" a certain legal definition. For example, we have stated that where jurisdiction turns on whether the activities of a party satisfy the "minimum contacts" test, a writ of prohibition should be denied. In *Wisc. Brick & Block Corp.* v. *Cole*, 274 Ark. 121, 622 S.W.2d 192 (1981), we said:

> Whether the "minimum contacts" test has been satisfied is a question of fact. In cases where jurisdiction depends upon the establishment of facts, the issue of jurisdiction must be decided by the trial court, and even if that decision should be wrong, we correct that error on appeal and not on prohibition.

The owners contend that a factual dispute similar to the one described in the *Porter Foods, Inc.*, case exists in this case. More specifically, they contend that the Trial Court's jurisdiction rested on a determination of whether the facts "fit" the definition of joint liability as that term is used in the cases cited.

This case only involves a legal determination whether there was joint liability. That depends not upon resolution of any dispute as to what was done or not done by the parties or determination of any particular status either of them may occupy. Rather, the question here depends on the nature of the litigation and whether there can be joint liability, given the pleadings before the Court. That is purely a question of law.

### 4. Mootness

The owners contend that the summary judgment granted against SAFECO in the breach of contract action renders Standridge's petition for a writ of prohibition moot. Particularly, they contend that, as Standridge was sued only as an alternative defendant, the negligence action against it would have survived only had it been found that SAFECO did not breach the contract. The owners essentially contend that the summary judgment against

SAFECO extinguished the claim against Standridge. They say there is no immediate threat of harm to Standridge, and a more appropriate time to deal with this issue, if at all, would be if SAFECO, which has filed an appeal, obtains a reversal and remand.

In response, Standridge contends that the Trial Court, by granting summary judgment against only SAFECO, has created a procedural problem under Ark. R. Civ. P. 54(b) because the summary judgment in favor of the owners against SAFECO does not mention Standridge and thus it may not be final and appealable. The contention is that the Court of Appeals may remand the case on the ground that there is no appellate jurisdiction because not all the claims against all parties have been disposed of.

Our conclusion is that, while we could decline to issue the writ on the basis that the matter could be resolved upon the appeal, that would leave Standridge with no remedy for an indefinite period. The impropriety of Sebastian County as the venue for the owners' action against Standridge is clear, and we do not deem the prospect of resolution of the issue by SAFECO's appeal to be an adequate remedy in these circumstances.

In closing we note that the Trial Court mentioned judicial economy in his remarks upon denial of Standridge's motion to dismiss. Of course, we endorse that concept, but we cannot elevate it over the right of a defendant to be tried "at home" except in instances where our venue statutes, as interpreted in our precedents, permit a trial elsewhere. *See Prairie Implement Co. v. Circuit Court of Prairie County, supra.*

Writ of prohibition granted.