The Honorable Doyle Webb State Senator Post Office Box 1998 Benton, Arkansas 72018
Dear Senator Webb:
This is in response to your request for an opinion regarding A.C.A. §17-92-503(b)(1) (Repl. 1995). Arkansas Code Annotated § 17-92-503, entitled "Generic substitutions," provides in part:
 (a)(1) When a pharmacist receives a prescription for a brand or trade name drug product, the pharmacist may dispense, except as provided in subsection (b) of this section, a lower cost generically equivalent drug product unless such drug product appears on the nonequivalent drug product list as provided in § 17-92-504. . . .
 (b) The pharmacist shall not dispense a generically equivalent drug product under subsection (a) of this section if:
 (1) The prescriber, in the case of a prescription in writing signed by the prescriber, indicates in his own handwriting by name or initial that no substitution shall be made;
(Emphasis supplied.) With regard to A.C.A. § 17-92-503(b)(1), you have presented the following question:
 Does this mean that the physician must write in his own handwriting" do not substitute" or some equivalent phrase, or may the physician check a box beside such a phrase and merely sign or initial it in his own handwriting?
Based upon regulations promulgated by the Arkansas State Board of Pharmacy, it is my opinion that the Arkansas Supreme Court would likely conclude that a prescriber must "write in his or her own handwriting words that specify that no substitution shall be made." Consequently, a prescriber may not simply check a box beside a phrase such as "do not substitute" and then "merely sign or initial it in his own handwriting."
The answer to your question hinges on statutory interpretation. The Arkansas Supreme Court has stated that the first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. MountainHome Sch. Dist. v. T.M.J. Builders, 313 Ark. 661, 858 S.W.2d 74 (1993). The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature.Id. Where the language of a statute is plain and unambiguous, the court will determine legislative intent from the ordinary meaning of the language used. Id.
Initially, I must note that in my opinion the statute is ambiguous. The statute sets forth the basic requirement that the prescriber must "indicate in his own handwriting by name or initial that no substitution shall be made;" however, the statute does not set out "appropriate phrases" that may be used, and it is unclear whether such a phrase must be written in the prescriber's own handwriting. Where there is an ambiguity in a statute, it is appropriate to look to an interpretation by a state agency. See Junction City Sch. Dist. v. Alphin, 313 Ark. 456,855 S.W.2d 316 (1993). The Arkansas Supreme Court has stated that agency interpretations of statutes are afforded great deference even though they are not binding. Arkansas State Medical Board v. Bolding, 324 Ark. 238,920 S.W.2d 825 (1996). Further, the court has stated that the interpretation given a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, it should not be overturned unless it is clearly wrong. Id.
Arkansas Code Annotated § 17-92-501 (Repl. 1995) provides that any person "permitted to practice pharmacy in this state who shall violate any provisions of this subchapter shall be subject to discipline by the Board of Pharmacy." In addition, the State Board of Pharmacy "may adopt such reasonable regulations, not inconsistent with law, as it shall deem necessary to carry out the purposes and intentions of this subchapter." A.C.A. § 17-92-502 (Repl. 1995). The Arkansas State Board of Pharmacy Rules and Regulations provide in part:
 A Pharmacist shall not dispense a generically equivalent drug product under A.C.A. § 17-92-503(a) and (b) of the Generic Substitution Act if:
 A. In the case of a written prescription, on the prescription the prescriber writes in his or her own handwriting words that specify that no substitution shall be made and then also signs the prescription.
Board of Pharmacy Regulation 44.
In Opinion No. 87-396 (copy enclosed), this office opined that the adoption of the above regulation was within the authority of the State Board of Pharmacy. We commented that the regulation was a proper exercise of the Board's authority to effectuate legislative intent through the adoption of "reasonable regulations not inconsistent with law." We further noted that the regulation was consistent with the provisions of A.S.A. § 72-1048 (now codified as A.C.A. § 17-92-503(b)) in establishing requirements that will ensure the clear communication of the prescriber's desire for no substitution to be made. Finally, we noted that A.S.A. § 72-1048 did not address the particular format to be followed.
In sum, the State Board of Pharmacy has interpreted A.C.A. §17-92-503(b)(1) to require that the prescriber must write "in his or her own handwriting words that specify that no substitution shall be made." I cannot say that the Board's reasonable interpretation of §17-92-503(b)(1) is clearly wrong; therefore, I must conclude that the Arkansas Supreme Court would likely defer to the Board of Pharmacy's regulation and conclude that the prescriber must write "in his or her own handwriting words that specify that no substitution shall be made."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh