Col. Thomas A. Mars, Director Department of Arkansas State Police #1 State Police Plaza Drive Little Rock, AR 72209
Mr. Dennis Hogland, Chairman Ms. Patricia Stroud, Executive Director Arkansas Motor Vehicle Commission 101 East Capitol, Suite 210 Little Rock, AR 72201-3826
Dear Col. Mars, Mr. Hogland, and Ms. Stroud:
You have requested an Attorney General opinion in response to the following questions:
 (1) Can a new car dealer (franchise dealer) sell used motor vehicles at a location removed from its franchise dealership?
 (2) If not, is the franchise dealer required to apply for and operate with a "used motor vehicle dealer" license?
 (3) Are the terms "in conjunction with" and "at the same location as" intended to be used synonymously?
 (4) If there is a conflict between A.C.A. § 23-112-103(4) (concerning "ultimate purchasers") and A.C.A. § 23-112-602(8), which should take precedence?
 (5) If an Arkansas consumer purchases a new motor vehicle from an internet site and the selling dealer is located in another state, in which state does the sale take place, and which state would have jurisdiction?
RESPONSE
Question 1 — Can a new car dealer (franchise dealer) sell used motorvehicles at a location removed from its franchise dealership?
Implicit in your question is the issue of whether a new car dealer who sells used motor vehicles at a location removed from its franchise dealership must obtain a used car dealer's license. It is my opinion that a new car dealer can sell used motor vehicles at a location removed from its franchise dealership, without obtaining a used car dealer's license.
The statutory provision that is primarily pertinent to this question is A.C.A. § 23-112-602(9)(B)(vi), which states:
(B) "Used motor vehicle dealer" shall not include:
 (vi) A new motor vehicle dealer selling a used motor vehicle in conjunction with his new motor vehicle dealer operations who is licensed under the Arkansas Motor Vehicle Commission Act, § 23-112-101 et seq.;
A.C.A. § 23-112-602(9)(B)(vi).
The issue that is central to this question is the meaning of the phrase "in conjunction with," as used in the above-quoted section, and whether a location that is removed from a new motor vehicle dealer's licensed franchise dealership location can be deemed to operated "in conjunction with" the franchise dealership.
In addressing this issue, I must note first that the phrase "in conjunction with," as used in the above-quoted statute, is not defined in the statute, nor has it been interpreted by the Arkansas courts. It is therefore appropriate for me to consider the Department of Arkansas State Police's interpretation of that phrase. The Arkansas Supreme Court has consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong.Arkansas State Med. Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996);Douglass v. Dynamic Enterprises, Inc., 315 Ark. 575, 869 S.W.2d 14
(1994); Junction City Sch. Dist. v. Alphin, 313 Ark. 456, 855 S.W.2d 316
(1993); Brimer v. Arkansas Contractors Licensing Bd., 312 Ark. 401, 405,849 S.W.2d 948 (1993); Pledger v. Boyd, 304 Ark. 91, 799 S.W.2d 807
(1990); Arkansas Department of Human Services v. Green Acres NursingHomes, Inc., 296 Ark. 475, 757 S.W.2d 563 (1988); Arkansas ContractorsLicensing Bd. v. Butler Const. Co., Inc. of Barling, 295 Ark. 223,748 S.W.2d 129 (1988); Ragland v. Arkansas Writers' Project, Inc.,287 Ark. 155, 697 S.W.2d 94 (1985), reh denied, 287 Ark. 155,698 S.W.2d 802; Morris v. Torch Club, 278 Ark. 285,645 S.W.2d 938 (1983).
The Department of Arkansas State Police is charged with the responsibility of licensing and regulating used motor vehicle dealers pursuant to the provisions of A.C.A. § 23-112-601 et seq. Accordingly, the interpretation given by the Department of Arkansas State Police to the language of A.C.A. § 23-112-602(9)(B)(vi) will be given considerable deference by the courts. The Department of Arkansas State Police interprets the phrase "in conjunction with," as used in A.C.A. §23-112-602(9)(B)(vi), not to be synonymous with "at the same location."[1] That is, the Department of Arkansas State Police interprets the statute to allow a new motor vehicle dealer to sell used motor vehicles at a location other than the location removed from its franchise dealership, without the necessity of obtaining a used motor vehicle dealer's license. Under this interpretation, the phrase "in conjunction with" refers to the organizational structure of the dealer's business, rather than to geographic location.
Given the absence of any indication of legislative intent to the contrary, I do not find this interpretation to be "clearly wrong." Moreover, this interpretation does not leave such dealers unregulated. They must still be licensed as new motor vehicle dealers.
Because I find that the Department of Arkansas State Police's interpretation of the phrase "in conjunction with," as used in A.C.A. §23-112-602(9)(B)(vi), is not "clearly wrong," I must conclude that this interpretation would be upheld by a court, if challenged.
Accordingly, I conclude that a new car dealer can sell used motor vehicles at a location removed from its franchise dealership, without obtaining a used car dealer's license.
Question 2 — If not, is the franchise dealer required to apply for andoperate with a "used motor vehicle dealer" license?
My response to Question 1 renders this question moot.
Question 3 — Are the terms "in conjunction with" and "at the samelocation as" intended to be used synonymously?
It is my opinion, as explained in response to Question 1, that under the Department of Arkansas State Police's interpretation of A.C.A. §23-112-602(9)(B)(vi), the terms "in conjunction with" and "at the same location as" are not intended to be used synonymously.
Question 4 — If there is a conflict between A.C.A. § 23-112-103(4)(defining "ultimate purchaser") and A.C.A. § 23-112-602(8) (defining"used motor vehicle,") which should take precedence?
Before addressing your question, I will set forth the two definitions about which you have inquired.
The term "ultimate purchaser" is defined in A.C.A. § 23-112-103(4) as follows:
 "Ultimate purchaser" means, with respect to any new motor vehicle, the first person, other than a motor vehicle dealer purchasing in his capacity as a dealer, who in good faith purchases the new motor vehicle for purposes other than resale. "Ultimate purchaser" shall not include a person who purchases a vehicle for purposes of altering or remanufacturing the motor vehicle for future resale;
A.C.A. § 23-112-103(4).
The term "used motor vehicle" is defined in A.C.A. § 23-112-602(8) as follows:
 (A) "Used motor vehicle" means any motor vehicle which has previously been sold, bargained, exchanged, given away, or the title thereto transferred from the person or corporation who first took title from the manufacturer, importer, dealer, or agent of the manufacturer or importer, or that is so used as to have become what is commonly known as a secondhand or previously owned motor vehicle.
 (B) In the event of a transfer reflected on the statement of origin from the original franchise dealer to any other dealer, individual, or corporation other than a franchise dealer of the same make of vehicle, the vehicle shall be considered a used motor vehicle;
A.C.A. § 23-12-602(8).
Another definition that is central to this question is the definition of new motor vehicle, as set forth in A.C.A. § 23-112-103(3):
 `New motor vehicle' means any motor vehicle, the legal title to which has never been transferred by a manufacturer, distributor, or franchised new motor vehicle dealer to an ultimate purchaser, and has not been the subject of retail sale without regard to mileage and any other motor vehicle defined as new by regulations promulgated by the commission;
A.C.A. § 23-112-103(3).
You indicate that the concern about a possible conflict between the above-quoted statutory provisions arises out of situations in which an independent motor vehicle dealer purchases a new motor vehicle, obtains a title in the used dealer's name,[2] thereby deeming it used, and then offers that newly titled vehicle for sale to a consumer or ultimate purchaser, pursuant to A.C.A. § 23-112-602(8). It is my further understanding that in this situation, the Motor Vehicle Commission contends that the independent dealer is not an "ultimate purchaser."
This contention is significant in at least two ways: First, it impacts upon whether the dealer in question must be licensed as a new motor vehicle dealer. (If the motor vehicle in question is "new," because it has not been sold to an "ultimate purchaser," the dealer must obtain a license as a new motor vehicle dealer. However, if the motor vehicle in question is considered "used," by virtue of A.C.A. § 23-112-602(8), the dealer need not be licensed as a new motor vehicle dealer, and need only be licensed as a used motor vehicle dealer.) Second, it impacts upon the provisions of A.C.A. § 23-112-311, under which new motor vehicle dealers can protest other new dealers operating in their geographic market area. (If the vehicle in question is "new," because it has not been sold to an "ultimate purchaser," it could be contended that the dealer who sells it must comply with A.C.A. § 23-112-311 by notifying the Motor Vehicle Commission of the intent to sell in a particular market area, and allow other new motor vehicle dealers in that area to protest. The claim that the vehicle is "used" may be an attempt to circumvent the requirements of A.C.A. § 23-112-311.)
It is true that the statutory provisions quoted above appear at first blush to conflict. More specifically, as applied to the situation described above (involving the purchase of a new vehicle by a used vehicle dealer), it would appear that under these statutory definitions, the motor vehicle in question could be considered both "new" and "used." It could be considered "new" under A.C.A. § 23-112-103(3) and (4), because it was not sold to an "ultimate purchaser." (The independent dealer is clearly not an "ultimate purchaser" because he purchased the vehicle in his capacity as a dealer for purposes of resale.) On the other hand, the motor vehicle could be considered "used" under A.C.A. §23-112-602(8)(B) (assuming that the independent dealer is not a franchise dealer of the same make of vehicle and purchased the vehicle from a franchise dealer), because vehicles that are transferred from original franchise dealers to dealers other than franchise dealers of the same make of vehicle are deemed to be "used."
Although these statutes initially appear to conflict, it is my opinion that they do not. The Arkansas Supreme Court has held that statutory provisions relating to the same subject must be construed together and made to stand if they are capable of being reconciled. See, e.g., Reedv. State, 330 Ark. 645, 957 S.W.2d 174 (1997); Salley v. Central ArkansasTransit Authority, 326 Ark. 804, 934 S.W.2d 510 (1996).
It is my opinion that A.C.A. § 23-112-103(4) and A.C.A. § 23-112-602(8) can be interpreted together so that both remain viable. Under such an interpretation of these statutes, the provisions of A.C.A. §23-112-602(8)(B), which define the term "used motor vehicle," can be deemed to create an exception to A.C.A. § 23-112-103(3) and (4). That is, even though a licensed used motor vehicle dealer is not an "ultimate purchaser" under A.C.A. § 23-112-103(4) [which would otherwise mean that the purchased vehicle was "new" under A.C.A. § 23-112-103(3)], a vehicle purchased by that dealer from a franchise dealer is considered to be "used" if the purchasing dealer is not a franchise dealer of the same make of vehicle. An exception of this nature would be a reasonable way of allowing non-franchise dealers to avoid the necessity of dual licensing.
My interpretation of these statutes is also supported by the principle that where two statutes address the same subject, and one of them is more specific, the one that is more specific will govern. See, e.g., City ofFt. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993); Sunbelt Courierv. McCartney, 31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522,798 S.W.2d 92 (1990); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797
(1982). The two statutes under consideration [A.C.A. § 23-112-103(3) and (4), and A.C.A. § 23-112-602(8)] address the same subject. Of the two, the more specific is A.C.A. § 23-112-602(8), which defines "used motor vehicle." It should therefore take precedence as applied to the specific scenario you have described.
Under this interpretation, both of the above-discussed statutes [i.e.,
A.C.A. § 23-112-103(3) and (4) and A.C.A. § 23-112-602(8)] can remain viable.
I must also note that my interpretation of these statutes does not undermine the provisions of A.C.A. § 23-112-311, referred to previously, under which new motor vehicle dealers can protest the operation of other new dealers in their geographic market area. The provisions of A.C.A. §23-112-311 plainly refer to the operation by other franchise new motor vehicle dealers — not operation by independent, licensed used motor vehicle dealers.
I therefore conclude that A.C.A. § 23-112-602(8) does not conflict with A.C.A. § 23-112-103(4), but rather creates an exception to it.
Question 5 — If an Arkansas consumer purchases a new motor vehicle froman internet site and the selling dealer is located in another state, inwhich state does the sale take place, and which state would havejurisdiction?
Assuming that such a transaction is valid, it is my opinion that a transaction of this nature will be governed by the terms of the contract for the transaction. Normally, such contracts contain provisions that designate which state's law will govern and which state's courts will have jurisdiction over disputes arising out of the contract. If the contract does not contain such a provision, the question of which state's law will govern disputes arising out of the contract will depend on the specific facts surrounding the transaction. All of these facts must be considered for the purpose of determining the intent of the parties as to the situs of the contract. A determination of this nature must, of course, be made on a case-by-case basis.
It should be noted that a transaction of this nature could give rise to a variety of other controversial issues about which you have not inquired, such as the impact on the transaction of franchise laws and tax laws. Such issues should be considered before a contract for a transaction of this nature is entered into.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I am aware that the Motor Vehicle Commission, which regulated used motor vehicle dealers prior to July, 1989 [see Acts 1989 (1st Ex. Sess.) No. 169, § 5] traditionally interpreted the phrase "in conjunction with" to mean "at the same location. However, that interpretation is no longer relevant, since the Department of Arkansas State Police now regulates used motor vehicle dealers.
[2] I am assuming, from the wording of your question, that you are referring to a non-franchise dealer who is duly licensed as a used motor vehicle dealer.