Charles D. RAGLAND, Commissioner of Revenues *v.*
ARKANSAS WRITERS' PROJECT, INC.

85-115                                              697 S.W.2d 94

Supreme Court of Arkansas
Opinion delivered October 14, 1985
[Supplemental Opinion on Denial of Rehearing
November 18, 1985.*]

*Timothy J. Leathers, Wayne Zakrzewski, Kelly Jennings, John Theis, Ann Kell, Joe Morphew,* and *Michael D. Munns,* by: *Joseph V. Svoboda,* for appellant.

*House, Wallace, Nelson & Jewell, P.A.,* by: *Anne Owings Wilson,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, Arkansas Writers' Project, is the publisher of the *Arkansas Times Magazine,* a monthly magazine devoted to matters of general interest.

---

* Purtle, J., not participating.

Claiming a tax exemption, the appellee brought this suit for the refund of $15,838.22 which it had paid as sales tax on the sale of its magazine during a period of three years. The chancellor held that the sales were tax exempt and ordered a refund. The appeal comes to this court under Rule 29(1)(c).

The sales tax statute, as revised in 1941, contained an exemption for the proceeds from the sale of newspapers. Ark. Stat. Ann. § 84-1904(f) (Repl. 1980). It also contained an exemption for the proceeds from the sale of advertising space in newspapers and publications and billboard advertising services. § 84-1904(j). By Act 152 of 1949 the legislature added to that subsection the following proviso, the proper construction of which is the decisive question in this case:

> Provided, further, that religious, professional, trade and sports journals and/or publications printed and published within this State, shall be exempt when sold through regular subscriptions.

In the trial court it was stipulated that the *Arkansas Times Magazine* is not a newspaper nor a religious, professional, trade, or sports journal. The magazine, however, is printed and published in Arkansas and is sold primarily by mail subscriptions.

The chancellor concluded that in the controlling sentence the words "and/or" have the effect of creating two separate exempt categories, which he paraphrased in his written opinion as follows: "(1) Religious, professional, trade and sports journals; and (2) publications printed and published within Arkansas." In that view the *Arkansas Times* is a publication printed and published in Arkansas, so that the proceeds from its sale are tax exempt.

■ We cannot agree with the trial court's conclusion. As we read the sentence, the legislature intended to create not two exemptions but only one, which was fully described. In several opinions we have joined many other courts in condemning the lack of precision in the phrase "and/or." *Boren* v. *Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984), citing prior cases. Here we are not persuaded that "and/or" was used to awkwardly divide the whole sentence and create separate exemptions having no apparent basis for their separate existence. We think instead that the

lawmakers had a single purpose in mind. That was to exempt the enumerated periodicals if printed and published in Arkansas and sold by subscription and if the particular periodical comes within the term journal or the term publication or the two terms considered together. Under that reading of the statute the *Times* is not exempt, for it is admittedly not a religious, professional, trade, or sports periodical.

■■ We regard the legislative intention as not being open to serious doubt, but even if that were not true our reading of the statute is confirmed by two familiar rules of construction. One, an exemption from taxation is to be strictly construed against the exemption; to doubt is to deny the exemption. *S.H. & J. Drilling Corp.* v. *Qualls*, 268 Ark. 71, 593 S.W.2d 178 (1980). Two, an interpretation that has long been given to a statute by the executive department will not be disregarded unless it is clearly wrong. *Walnut Grove Sch. Dist. No. 6* v. *County Bd. of Education*, 204 Ark. 354, 162 S.W.2d 64 (1942). The Commissioner's Regulation GR-48(E) correctly interprets the statute:

> The gross receipts or gross proceeds derived from the sale of any books, magazines, or publications other than newspapers are subject to the tax; except that religious, professional, trade and sports journals or publications printed and published in Arkansas are exempt when sold through regular subscriptions.

In closing, we add that neither party has questioned the constitutionality of the exemption and that our disposition of the direct appeal makes it unnecessary for us to reach the cross appeal.

Reversed.

PURTLE, J., not participating.

Supplemental Opinion on Denial of Rehearing
November 18, 1985

698 S.W.2d 802

GEORGE ROSE SMITH, Justice, on denial of rehearing. In our original opinion the decree was reversed on a question of statutory construction. In its petition for rehearing the appellee does not reargue that issue, but it does insist that we should have discussed the constitutionality of the imposition of a sales tax on the sales of the *Arkansas Times Magazine*. That issue was argued by the appellee on its cross appeal, seeking attorney's fees, but the argument was incorporated by reference in the response to the direct appeal and should have been discussed.

The constitutional contention is twofold. It is first said that to exempt certain sports publications from the sales tax but to tax the sales of the *Times* is a denial of equal protection. We need not explore this point, for it would avail the appellee nothing if it wins its argument. The legislature has levied a valid sales tax that is applicable to the *Times*. It is immaterial that an exemption in favor of some other taxpayer may be invalid, as discriminatory. If so, it is the exemption that would fall, not the tax against the *Times*. The courts cannot create a tax exemption; that must be done by the legislature. It has not exempted the *Times*.

It is also argued that a tax on the sales of the *Times* is an infringement upon its freedom of speech and of the press. Two cases are primarily relied upon, but neither addressed the validity of a tax comparable to an ordinary sales tax. *Minneapolis Star & Tribune Co.* v. *Minnesota Commissioner of Revenue*, 460 U.S. 575 (1983); *Grosjean* v. *American Press Co.*, 297 U.S. 233 (1936). In fact, *Grosjean* supplied the answer to the appellee's contention. The Court said that the owners of newspapers are not immune from any of the "ordinary forms of taxation" for support of the government. That statement applies with even greater

force to the *Times*, a monthly magazine publishing matters of general interest. Certainly the *Times* has no greater claim to tax exemptions than has, say, a publisher of books. Both are exercising *First Amendment* rights, but it would not be seriously argued that they are exempt from income taxes, property taxes, and other exactions levied to pay for the cost of government. No authority has been cited applying a different rule to the sales tax; we are confident that no such authority exists.

We do not reach the cross appeal, for the *Times* is not entitled to an attorney's fee when it loses its case.

The petition for rehearing is denied.

PURTLE, J., not participating.