Ms. Cathyrn Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This official Attorney General opinion is rendered in response to a question you have raised concerning previously-issued Attorney General Opinion No. 97-397. In that opinion, I concluded that the penalty provisions of A.C.A. § 24-11-434(i)[1] apply to both the principal and the interest that is paid into the individual participants' DROP accounts.
After Opinion No. 97-397 was issued, the Little Rock Police Pension and Relief Fund Board of Trustees requested an opinion on the same issue from its attorney. The opinion that was issued in response to that request concluded that the penalty provisions of A.C.A. § 24-11-434(i) apply only to the interest that is paid into the DROP accounts and to contributions to the account other than the DROP member's regular retirement benefit that is paid into the account.
In light of the foregoing, you have asked:
 Do you find the legal opinion that was issued to the Little Rock Police Pension and Relief Fund Board of Trustees by its attorney to be meritorious?
The opinion that was issued to the Board by its attorney was based upon the theory that the penalty described in A.C.A. § 24-11-434(i) cannot apply to the regular retirement benefits that are paid into the individual DROP accounts, because those benefits are vested and non-forfeitable.
The Board's attorney also relied, in a separate memorandum, upon a statutory interpretation of the phrase "extended service benefits earned under" DROP, as used in A.C.A. § 24-11-434(i). The argument first notes that the penalty provisions of A.C.A. § 24-11-434(i) apply to "extended service benefits earned under" DROP. It is then argued that the phrase "extended service benefits earned under" DROP can only be interpreted to refer to interest earned by the account, plus any principal contributions made by the employer to the participant's DROP account during the participant's extended service, and cannot be interpreted to apply to the DROP member's regular retirement benefit that is paid into the account. This argument is based upon the premise that this regular retirement benefit was not "earned under" DROP, and that moreover, A.C.A. §24-11-434(e)(1) prohibits changes in officers' monthly retirement benefit, unless the plan receives a benefit increase.
Finally, the Board's attorney relied (also in a separate memorandum) upon the theory that to apply the penalty provisions to DROP participants' "vested" pension benefits would violate certain internal revenue code vesting requirements, thus rendering the plan unqualified for federal income tax purposes under the Employee Retirement Income Security Act of 1974 (ERISA) [P.L. 93-406].
I must note initially that the issues you have raised have not been addressed by the Arkansas Supreme Court, nor has there been any attempt to clarify these issues legislatively. These are issues that could well benefit from judicial interpretation or legislative amendment. Until elucidation has been rendered either judicially or legislatively, any interpretation of these issues will be inconclusive, and the matters will necessarily remain somewhat ambiguous. Under these circumstances, I believe that my interpretation of the issues, as expressed in Opinion No. 97-397, is supportable.
Nevertheless, I believe that some of the arguments presented by the Board's attorney could be viable. At the same time, I also believe that equally viable arguments might be made against the position taken by the Board's attorney. For these reasons, I believe that a court considering the matter could, with soundness, adopt either interpretation.
Any interpretation of the penalty provisions of A.C.A. § 24-11-434(i) will directly impact the manner in which the retirement statutes are administered. In light of the lack of clarity of these provisions and the possibility of multiple viable interpretations of them, a decision by the Attorney General regarding this matter would place the Attorney General in the position of being the administrator of these statutes. Such a role is outside the realm of the Attorney General's usual authority.
For this reason, I must decline to opine further upon this issue until a court or the legislature has clarified the matter.
With regard to the question of how the statute should be administered pending such clarification, I refer you to the body of case law in which the court has held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. Arkansas State Med. Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825
(1996); Douglass v. Dynamic Enterprises, Inc., 315 Ark. 575,869 S.W.2d 14 (1994); Junction City Sch. Dist. v. Alphin, 313 Ark. 456,855 S.W.2d 316 (1993); Brimer v. Arkansas Contractors Licensing Bd.,312 Ark. 401, 405,849 S.W.2d 948 (1993); Pledger v. Boyd, 304 Ark. 91, 799 S.W.2d 807
(1990); Arkansas Department of Human Services v. Green Acres NursingHomes, Inc., 296 Ark. 475, 757 S.W.2d 563 (1988); Arkansas ContractorsLicensing Bd. v. Butler Const. Co., Inc. of Barling, 295 Ark. 223,748 S.W.2d 129 (1988); Ragland v. Arkansas Writers' Project, Inc.,287 Ark. 155, 697 S.W.2d 94 (1985), reh denied, 287 Ark. 155,698 S.W.2d 802; Morris v. Torch Club,278 Ark. 285, 645 S.W.2d 938 (1983).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A.C.A. § 24-11-434(i) states:
24-11-434. Deferred retirement option plan.
 (i) Participants in the Arkansas Police Officers' Deferred Option Plan subject to the extended ten-year service limit shall forfeit a portion of the extended service benefits earned under the Arkansas Police Officers' Deferred Option Plan beyond the first five (5) years of participation should the participant terminate employment during the extended service time, absent death or disability, as follows:
 (1) Forfeit eighty percent (80%) if termination occurs in the sixth year of participation;
 (2) Forfeit sixty percent (60%) if termination occurs in the seventh year of participation;
 (3) Forfeit forty percent (40%) if termination occurs in the eighth year of participation; and
 (4) Forfeit twenty percent (20%) if termination occurs in the ninth year of participation.
A.C.A. § 24-11-434(i).