The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
You have requested an Attorney General opinion in response to the following questions:
 (1) Are bailiffs of the Sixth Judicial District "public safety members," within the meaning of A.C.A. § 24-3-301(b)?[1]
 (2) If so, are they entitled to receive the 1½ rate that is set forth in A.C.A. § 24-3-301(b)?
 (3) Does the Retirement Board have the authority to determine who should receive the 1½ rate?
RESPONSE
Question 1 — Are bailiffs of the Sixth Judicial District "public safetymembers," within the meaning of A.C.A. § 24-3-301(b)?
It is my opinion that the answer to this question is currently unclear under state law, and can only be clarified through legislative action or judicial interpretation.
A.C.A. § 24-3-301(b) states:
 (b)(1) Employment service by a person who was employed prior to July 1, 1997 as a public safety member shall be credited at one and one-half (1 1/2) times the regular rate for crediting service and employment service by persons employed on and after July 1, 1997 shall be credited at the regular rate for crediting service, except that at least five (5) years of actual service shall be required to meet the retirement eligibility requirements of §§ 24-3-201 (a) and (b), 24-3-206 (a), 24-3-207 (a), and 24-3-208, and at least five (5) years of actual service shall be required to meet the eligibility requirements of § 24-3-209.
24-3-301(b).
The term "public safety member," as used in the above-quoted statute, is defined in A.C.A. § 24-3-102(5), which states in pertinent part:
 (5) "Public safety member" means a member whose covered employment is for personal services as a police officer or fire fighter and his or her employment occurred prior to July 1, 1997.
 (A)(i) "Police officer" means any regular or permanent employee whose primary duty is law enforcement of a municipal police department, a county sheriff's office, or the Department of Arkansas State Police, including probationary police officers, and shall also include wildlife officers of the Arkansas State Game and Fish Commission and all officers and the Director of the State Capitol Police within the office of the Secretary of State.
 (ii) The term "police officer" shall not include any civilian employee of a police department or any person temporarily employed as a police officer during an emergency.
* * *
 (C) The term "public safety member" shall not include a member whose employment as a police officer or fire fighter occurred on or after July 1, 1997. . . .
A.C.A. § 24-3-102(5).
Given the foregoing definition, an issue that is central to your question is whether bailiffs constitute "police officers," within the meaning of that definition. The duties of bailiffs are described in A.C.A. §16-13-1413, as follows:
 (b)(1) The duties of the bailiffs [of the Sixth Judicial District] shall include their attendance in their respective courts when court is in session and the supervision and maintenance of order in their respective courtrooms, providing security for individuals involved in court proceedings, officers of the court, and judges, and other incidental and related duties at the direction of the judges.
 (2) The bailiffs shall exercise all the powers of a deputy sheriff, including the power to make arrests, carry a weapon, and serve summons, and shall be certified law enforcement officers.
 (3) The circuit-chancery judges may appoint at least one (1) probation officer to serve as assistant bailiff.
A.C.A. § 16-13-1413.
When this description of bailiffs' duties is read in conjunction with the definition of "police officer" stated in A.C.A. § 24-3-102(5), one could conclude, with equal support, either that bailiffs are police officers, or that they are not.
Pending legislative or judicial clarification of this issue, I am compelled to rely on the interpretation of A.C.A. § 24-3-301(b) that has been articulated by the board of the Arkansas Public Employees Retirement System. I am compelled to rely on the board's interpretation, because the Arkansas Supreme Court has held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. Arkansas State Med. Bd. v. Bolding, 324 Ark. 238,920 S.W.2d 825 (1996); Douglass v. Dynamic Enterprises, Inc., 315 Ark. 575,869 S.W.2d 14 (1994); Junction City Sch. Dist. v. Alphin, 313 Ark. 456,855 S.W.2d 316 (1993); Brimer v. Arkansas Contractors Licensing Bd.,312 Ark. 401, 405, 849 S.W.2d 948 (1993); Pledger v. Boyd, 304 Ark. 91,799 S.W.2d 807 (1990); Arkansas Department of Human Services v. Green AcresNursing Homes, Inc., 296 Ark. 475, 757 S.W.2d 563 (1988); ArkansasContractors Licensing Bd. v. Butler Const. Co., Inc. of Barling,295 Ark. 223, 748 S.W.2d 129 (1988); Ragland v. Arkansas Writers' Project,Inc., 287 Ark. 155, 697 S.W.2d 94 (1985), reh denied, 287 Ark. 155,698 S.W.2d 802; Morris v. Torch Club, 278 Ark. 285, 645 S.W.2d 938 (1983).
Under the board's interpretation of A.C.A. § 24-3-301, bailiffs are not "public safety members," within the meaning of the statute. APERS Regulation 210 states: "Public Safety credit will not be granted to a municipal police officer or county deputy sheriff whose primary duty is jailer, radio dispatcher, bailiff, probation officer or administrative."
Although a contrary interpretation of A.C.A. § 24-3-301 would, in my opinion, be equally supportable by the language of the statute when read in conjunction with A.C.A. § 16-13-1413, I nevertheless do not find the board's interpretation to be "clearly wrong."
For this reason, I conclude that pending legislative or judicial action compelling a different result, bailiffs are not "public safety members" within the meaning of A.C.A. § 24-3-301.[2]
Question 2 — If so, are they entitled to receive the 1½ rate that is setforth in A.C.A. § 24-3-301(b)?
Because I have opined that bailiffs are not "public safety members" within the meaning of A.C.A. § 24-3-301, I must conclude that they are not entitled to receive the 1½ rate set forth in that statute.
Question 3 — Does the retirement board have the authority to determinewho should receive the 1½ rate?
It is my opinion that the board that governs each plan that is subject to A.C.A. § 24-3-301 has the authority to determine the amount of service that is to be credited to each member of the plan. In addition, because these boards are charged with executing the provisions of A.C.A. § 24-3-301, they have the authority to interpret that statute. As indicated in response to Question 1, the board's interpretation of this statute will be given a presumption of validity. The board, of course, may not act in a manner that is contrary to A.C.A. § 24-3-301(b). But in situations where the applicability of a provision of A.C.A. § 24-3-301 is unclear and requires some interpretation, as in the question you have raised, the board does have the authority to determine such applicability. In that sense, therefore, the board does have the authority to determine who should receive the 1½ rate.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] A.C.A. § 24-3-301 is part of the set of statutes that govern retirement for public employees.
[2] In Attorney General Opinion No. 98-037, I opined that bailiffs are subject to the same retirement eligibility requirements as deputy sheriffs. It should be noted that Opinion No. 98-037 was limited to the question of eligibility, and did not address the issue of credited service.