The Honorable John A. Riggs, IV State Senator P.O. Box 1399 Little Rock, AR 72203-1399
Dear Senator Riggs:
You have requested an Attorney General's opinion in response to the following question:
 Would the adoption by a municipal water works of a "defined contribution plan" under Section 401(a) of the Internal Revenue Code [26 U.S.C. §§ 410, -414] to which both the employer and employee would contribute, create a conflict with the requirements for participation in the Arkansas Public Employees' Retirement System (APERS)?
As explained more fully below, it is my opinion that the adoption of such a plan by a municipal water works would create a conflict with the requirements for participation in APERS. However, in instances where such a plan already exists, employees who were already participating in the plan prior to July 1, 1999 may continue to do so.
The concern about a possible conflict arises primarily from Act 884 of 1999. That Act articulates a public policy of limiting contributions by public employers to one "state authorized retirement plan," and prohibits employers who are participating in APERS from establishing any other "state authorized plan that requires contributions by the employer." Acts 1999, No. 884, § 1. In instances where such plans already exist, the Act allows for the continued participation in them by employees who were already participating prior to July 1, 1999. However, the Act is aimed at the elimination of such plans through attrition, and prohibits new participation in them after July 1, 1999. Finally, the Act charges the Board of Trustees of APERS with the responsibility of promulgating rules and regulations for the implementation of the Act. Id.
My research and investigation of the background of Act 884 indicates that the underlying purpose of the Act was to protect the integrity of APERS and its ability to meet its contractual obligation to provide adequate retirement benefits for its members. The rationale for prohibiting participation in other retirement systems was to avoid creating a situation in which participating employers have a disincentive to assure the optimal efficacy of APERS. In this regard, it is significant that municipal employers such as a municipal water works, are not required to join APERS, as are state and county employers. A municipal employer who joins APERS only voluntarily, and who also participates in another retirement system, with APERS being supplemental only, will not have the same incentive to see that the integrity of APERS is protected. If an increase in contributions is needed to assure the soundness of APERS and its ability to provide the required benefits for its members, such an employer will not have the same incentive as other (required) participants to see that higher contribution requirements are enacted. Indeed, such an employer will have a considerable incentive to lobby against the higher contributions, knowing that it has the option of relying primarily on its other plan. Avoiding a disincentive of this nature (so as to protect APERS and its members) was the purpose of Act 884 of 1999. (However, I reiterate that Act 884 was also designed to protect employees who were already participating in defined contribution plans such as you have described.) Again, it should be noted that the employers who are affected by these provisions are those who had the option of not joining APERS.
I am aware that some confusion has arisen out of the Act's use of the phrase "state authorized retirement plan." More specifically, I am aware that the defined contribution plan that you have described was created by federal law, and that an argument could thus be made that the plan is not a "state authorized" plan. I reject this interpretation. Rather, I interpret the phrase "state authorized retirement plan" to refer to any plan adopted by virtue of authority granted by state law. The plan you have described, even though it was created by federal law, could not be adopted by a municipal water works without authorization by state law. That authorization is set forth in A.C.A. § 14-234-310, which states:
 (a) In any city of the first class owning and operating waterworks and distribution systems by or through a board of waterworks commissioners created in compliance with this subchapter, the board of waterworks commissioners of the city may provide a plan for social security, old age pensions, and retirement pay for part or all of the employees of the waterworks system under such plan as the board of waterworks commissioners may provide.
 (b) The plan may include payments from both the board of commissioners and the employees, or either of them and may be underwritten by a solvent insurance company or by a fund set up and maintained by the board of commissioners from the funds of the waterworks system, the employees, or both, or either of them.
 (c) The board may also authorize its employees to participate in the Federal Old Age and Survivor's Insurance Program with the city's cost of contribution to constitute an operating expense of the waterworks system.
A.C.A. § 14-234-310.
Cities (and their boards and commissions) can exercise only such authority as has been explicitly delegated to them by the state. Jonesv. American Home Life Ins. Co., 293 Ark. 300, 738 S.W.2d 387 (1987);Taggart Taggart Seed Co, Inc. v. City of Augusta, 278 Ark. 570,647 S.W.2d 458 (1983); Op. Att'y Gen. No. 95-410. A municipal water works, therefore, would be powerless to adopt a defined contribution plan in the absence of authorization by state law.
Accordingly, I conclude that although the defined contribution plan you have described was created by federal law, it is authorized by state law, through the provisions of A.C.A. § 14-123-310. For this reason, the plan falls within the provisions of Act 884 of 1999, and new participation in that plan after July 1, 1999, or the adoption of a new plan of that nature would create a conflict with the requirements for participation in APERS.
My interpretation of Act 884 and the conclusions stated in this opinion are consistent with the long-standing policy against allowing participation in both APERS and other retirement plans. This policy is reflected in the definition of "employee" as set forth in A.C.A. §24-4-101(7), which is part of the set of statutes governing APERS. Only "employees" may participate in APERS.[1] The definition of "employee" contains a statement describing persons who are not "employees" (and who therefore may not participate in APERS), which provides in pertinent part as follows:
 [T]he term "employees" shall not include persons who are members of, or who are eligible for benefits under or membership in, any other retirement system, excepting federal Social Security, which retirement system is supported by state funds or is authorized by the laws of the state.
A.C.A. § 24-4-101(7)(B).
Under the above-quoted exception to the term "employees," a person who would otherwise be eligible to participate in APERS, but who participates in, or is eligible for, another retirement system that is supported by state funds or is authorized by state law, cannot participate in APERS.See Ops. Att'y Gen. Nos. 96-102; 95-202.
In interpreting Act 884, the APERS Board has also reflected this policy against dual participation and coverage. That is, the APERS Board interprets Act 884 as prohibiting new participation in defined contribution plans such as you have described. In this regard, I must note that the Arkansas Supreme Court has consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. Arkansas State Med.Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996); Douglass v. DynamicEnterprises, Inc., 315 Ark. 575, 869 S.W.2d 14 (1994); Junction CitySch. Dist. v. Alphin, 313 Ark. 456, 855 S.W.2d 316 (1993); Brimer v.Arkansas Contractors Licensing Bd., 312 Ark. 401, 405, 849 S.W.2d 948
(1993); Pledger v. Boyd, 304 Ark. 91, 799 S.W.2d 807 (1990); ArkansasDepartment of Human Services v. Green Acres Nursing Homes, Inc.,296 Ark. 475, 757 S.W.2d 563 (1988); Arkansas Contractors Licensing Bd. v.Butler Const. Co., Inc. of Barling, 295 Ark. 223, 748 S.W.2d 129 (1988);Ragland v. Arkansas Writers' Project, Inc., 287 Ark. 155, 697 S.W.2d 94
(1985), reh denied, 287 Ark. 155, 698 S.W.2d 802; Morris v. Torch Club,278 Ark. 285, 645 S.W.2d 938 (1983). Accordingly, it should be noted that the interpretation given by the APERS Board to the language of the statutes discussed above will be given considerable deference by the courts.
For the foregoing reasons, I conclude that the adoption of a defined contribution plan of this nature by a municipal water works would create a conflict with the requirements for participation in APERS. Again I note that employees who were already participating in such a plan prior to July 1, 1999 may continue to do so.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] The fact that only "employees" may participate in APERS is implicit from the provisions of A.C.A. §§ 24-4-301 and 24-2-302.