Mr. Bill Van Cleve, Executive Director Arkansas Public Employees Retirement System One Union National Plaza 124 W. Capitol, Ste. 400 Little Rock AR 72201
Dear Mr. Van Cleve:
You have requested an Attorney General opinion concerning the issue of who constitutes an "employee" for purposes of the Arkansas Public Employees Retirement System (APERS).
You note that APERS Board Regulation 303 [enacted pursuant to the board's "final power" to decided who is an "employee," see A.C.A. §24-4-101(7)(C)] states the requirements for participation in APERS.[1]
Under Regulation 303, members must work at least 80 hours per month in order to be eligible to receive benefits from APERS. Normally the board does not require certification of hours worked, but if a member's record does not appear to represent 80 hours of work per month, APERS contacts the employer for verification. If the employer cannot certify the 80 hours, the individual's service is removed and contributions are refunded. The board has historically applied the 80-hour standard to all members, without regard to whether the member was an elected official or a regular employee.
In light of this background, you have asked:
 (1) Can the eligibility requirements of Regulation 303 be applied to both regular employees and elected officials?
 (2) If the answer is in the affirmative, could the board establish different requirements for elected officials?
 (3) Must the board require formal certification of hours worked for all members of the system, including elected officials?
RESPONSE
Question 1 — Can the eligibility requirements of Regulation 303 beapplied to both regular employees and elected officials?
It is my opinion that the eligibility requirements that are currently stated in Regulation 303 can be applied to both regular employees and elected officials. However, some practical matters, discussed below, should be noted.
Regulation 303 states:
 In accordance with A.C.A. § 24-4-101(7)(C), the Board has "final power" to determine who is eligible for participation in the System. Accordingly, all persons appearing on any covered employer's payroll (regular, temporary, or extra help) shall become members of the Retirement System as a condition of employment except as follows:
 1. Persons employed for a period of less than 90 consecutive calendar days shall be excluded from membership.
 2. Persons who are employed for a period of more than 90 consecutive calendar days, but who do not qualify as full time employees, shall be excluded from membership. A person shall be considered a full time employee if the person works at least 80 hours per month during a period of 90 consecutive calendar days. The 80 hour requirement shall not apply to school division employees. A school division employee shall be considered qualified if that person works at least one half of the time required by a full time person employed in the position during a period of 90 consecutive calendar days.
 3. Persons whose rate of pay does not constitute employment that is substantially gainful shall be excluded from membership. For purposes of this regulation," rate of pay" is equal to monthly earnings reported to the System divided by the hours worked during the report month. A rate of pay of less than the federal minimum wage for the year in question shall not be considered substantially gainful.
As previously noted, the APERS Board has been given ultimate authority to determine eligibility for membership in APERS. This authority is granted in A.C.A. § 24-4-101(7)(c), which states: "In any case of doubt as to who is an employee within the meaning of this act, the board shall have the final power to decide the question[.]" Accord, A.C.A. § 24-4-101(10)(B); A.C.A. § 24-4-101(11)(C).
Regulation 303 appears to be squarely within the board's authority under A.C.A. § 24-4-101.
The Arkansas Supreme Court has consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. Arkansas State Med. Bd. v.Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996); Douglass v. DynamicEnterprises, Inc., 315 Ark. 575, 869 S.W.2d 14 (1994); Junction CitySch. Dist. v. Alphin, 313 Ark. 456, 855 S.W.2d 316 (1993); Brimer v.Arkansas Contractors Licensing Bd., 312 Ark. 401, 405, 849 S.W.2d 948
(1993); Pledger v. Boyd, 304 Ark. 91, 799 S.W.2d 807 (1990); ArkansasDepartment of Human Services v. Green Acres Nursing Homes, Inc.,296 Ark. 475, 757 S.W.2d 563 (1988); Arkansas Contractors Licensing Bd. v.Butler Const. Co., Inc. of Barling, 295 Ark. 223, 748 S.W.2d 129 (1988);Ragland v. Arkansas Writers' Project, Inc., 287 Ark. 155, 697 S.W.2d 94
(1985), reh denied, 287 Ark. 155, 698 S.W.2d 802; Morris v. Torch Club,278 Ark. 285, 645 S.W.2d 938 (1983).
It is my opinion that there is nothing in the board's interpretation of the definition of "employee," as reflected in Regulation 303 that is "clearly wrong." Nothing in the statutory definition of "employee" would indicate that elected officials should be treated any differently than regular employees. That definition states in pertinent part:
 "Employees" means all officers and employees of any office, agency, board, commission, including the Department of Higher Education, or department of a public employer whose compensations were, or are, payable from funds appropriated by the public employer[.]
A.C.A. § 24-4-101(7)(A)(i)(a) (emphasis added).
Moreover, no other source of law would appear to require the board to treat elected officials differently than regular employees.
Accordingly, I conclude that the board is within its power to apply the eligibility requirements that are stated in Regulation 303 both to elected officials and regular employees alike.
Nevertheless, I must note a practical concern regarding the enforcement of the requirements of Regulation 303. Elected officials often are not supervised on a daily or hourly basis by any individual or entity. In these cases, no one would be able to verify the number of days or hours worked. Any doubts regarding these officials' compliance with the requirements of Regulation 303 could only be resolved in an ultimate way by a court (unless, of course, the board would accept verification by the elected official himself). Otherwise, if the board simply removed these elected officials from membership and refunded contributions made on their behalf, these individuals could conceivably have a due process claim against the board.
In this regard I note that Regulation 303 does not contain a verification requirement. Nevertheless, I find it pertinent to mention this issue in light of your indication of the manner by which the board has historically verified compliance.
To summarize, therefore, it is my opinion that the board may legally impose the same membership requirements on elected officials that it imposes on regular employees. However, it must provide appropriate due process in the enforcement of these requirements.
Question 2 — If the answer is in the affirmative, could the boardestablish different requirements for elected officials?
It is my opinion that the authority granted to the board for determining who is eligible to participate in APERS is broad enough to include the authority to create different requirements for elected officials and regular employees, provided that the board has a rational basis for its differentiation.
As noted previously in response to Question 1, the board is expressly empowered to make ultimate determinations about who may participate in the system. See A.C.A. § 24-4-101(7)(c); A.C.A. § 24-4-101(10)(B); A.C.A. § 24-4-101(11)(C). In addition, the board is granted the authority and responsibility to promulgate rules and regulations concerning the system, as follows:
 (b) In addition to such other duties as are imposed upon the board by this act, the board shall:
 (1) Make all rules and regulations as it shall deem necessary from time to time in the transaction of its business and in administering the system[.]
A.C.A. § 24-4-105(b)(1).
The foregoing grant of authority to administer the system is stated broadly enough, in my opinion, to include the authority to establish different participation requirements for elected officials.
Any differentiation of this nature must, of course, have a rational basis. See Vacco v. Quill, 521 U.S. 793 (1997); Romer v. Evans,517 U.S. 620, 631 (1996); Clements v. Fashing, 457 U.S. 957 (1982); Craft v.City of Fort Smith, 335 Ark. 417, 984 S.W.2d 22 (1998); Medlock v. Leathers,311 Ark. 175, 842 S.W.2d 428 (1992), reh. denied, 1993; McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989); Streight v.Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983); City of Piggott v.Woodard, 261 Ark. 406, 549 S.W.2d 278 (1977).
Assuming that the board does have a rational basis for treating elected officials differently than regular employees, it is my opinion that the board does have the authority to do so.
Question 3 — Must the board require formal certification of hours workedfor all members of the system, including elected officials?
It is my opinion that there are no provisions of state law that could be interpreted to impose upon the board an obligation to require certification of hours worked.
As noted in response to Question 1, the board is given broad authority to make the ultimate determination of who is eligible for membership in APERS. A.C.A. § 24-4-101(7)(c). This authority is broad enough, in my opinion, to allow the board to make that determination without requiring a certification of hours worked.
Moreover, as also previously noted, it is my opinion that a requirement of formal certification of hours worked could give rise to constitutional problems, if applied to persons who are not directly supervised, and for whom no one could provide such certification. As indicated previously, any doubts regarding compliance with hourly work requirements by members whose compliance cannot be verified by a supervisor or other person or entity must ultimately be resolved by a court in order to provide constitutionally-required due process.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The fact that only "employees" may participate in APERS is implicit from the provisions of A.C.A. §§ 24-4-301 and 24-2-302.