Mr. Rodney Crownover, LMSW Chair, Social Work Licensing Board 2020 W. 3rd, Ste. 503 P.O. Box 250381 Little Rock, AR 72225
Dear Mr. Crownover:
You have requested an Attorney General opinion concerning the Social Work Licensing Act.
More specifically, you have presented the following question:
 Can the Arkansas Social Work Licensing Board require social work professors to be licensed?
It is my opinion, as explained more fully below, that the imposition by the Arkansas Social Work Licensing Board of a licensing requirement upon social work professors is an incorrect interpretation of the Social Work Licensing Act and that the Board therefore cannot require social work professors to be licensed.[1]
The Social Work Licensing Act (A.C.A. § 17-103-101 et seq.) requires any individual who engages in the "practice of social work" to be licensed. A.C.A. § 17-103-301. The term "practice of social work" is defined in the Act as follows:
 "Practice of social work" means a professional service which effects change in social conditions, human behavior, and emotional responses of individuals, couples, families, groups, and organizations. "Social work practice" can only be performed with specialized knowledge and skills related to human development, the potential for human growth, the availability of social resources, and the knowledge of social systems. The disciplined application of social work knowledge and skills includes, but is not restricted to, the following:
 (A) Counseling with individuals, couples, families, and groups for purposes of assessment and enhancement of the problem-solving and coping capacities of people; and
 (B) The application of social work knowledge and skills in social planning, administration, and research.
A.C.A. § 17-103-103.
As you note in your correspondence, the Social Work Licensing Board has interpreted the foregoing definition to include the work and activities of social work professors.
The Arkansas Supreme Court has held that although an interpretation given to a statute by the agency charged with its execution is persuasive, it is not conclusive and can be overturned if found to be clearly wrong.See, e.g., Arkansas State Med. Bd. v. Bolding, 324 Ark. 238,920 S.W.2d 825 (1996); Douglass v. Dynamic Enterprises, Inc., 315 Ark. 575,869 S.W.2d 14 (1994); Junction City Sch. Dist. v. Alphin, 313 Ark. 456,855 S.W.2d 316 (1993); Brimer v. Arkansas Contractors Licensing Bd.,312 Ark. 401, 405, 849 S.W.2d 948 (1993); Pledger v. Boyd, 304 Ark. 91,799 S.W.2d 807 (1990); Arkansas Department of Human Services v. Green AcresNursing Homes, Inc., 296 Ark. 475, 757 S.W.2d 563 (1988); ArkansasContractors Licensing Bd. v. Butler Const. Co., Inc. of Barling,295 Ark. 223, 748 S.W.2d 129 (1988); Ragland v. Arkansas Writers' Project,Inc., 287 Ark. 155, 697 S.W.2d 94 (1985), reh denied, 287 Ark. 155,698 S.W.2d 802; Morris v. Torch Club, 278 Ark. 285, 645 S.W.2d 938 (1983). It is my opinion that the Social Work Licensing Board's application of the licensing requirement to social work professors is incorrect.
I base this conclusion on the fact that the language of the Act indicates that the Act was intended to apply to persons who hold themselves out to the public as social workers and as being available to the public for social work. Social work professors, in their role as professors, do not do this.
This underlying purpose of the Act is reflected in several sections of the Act.
For example, the stated goal of the Act is "to protect the public by setting standards of qualification, training, and experience for thosewho seek to represent themselves to the public as social workers[.]" A.C.A. § 17-103-102 (emphasis added).
In addition, the section of the act that sets forth exemptions to the Act states:
 Nothing in this chapter shall be construed to prevent members of the clergy Christian Science practitioners, and licensed professionals such as physicians, nurses, psychologists, counselors, and attorneys from doing work within the standards and ethics of their respective professions, providing they do not hold themselves out to the public by any title or description of services as being social workers as defined under this chapter.
A.C.A. § 17-103-104 (emphasis added).
Finally, the definition of "social work," quoted above, describes activities engaged in only by persons working with the public. Social work professors do not engage in the activities described in this definition.
These aspects of the Act indicate that the General Assembly did not envision application of the Act to social work professors, but rather only to persons who engage in social work with the public.
Accordingly, I conclude that an interpretation of the Act that would impose the licensing requirement upon social work professors is incorrect.
As a final matter, I must note that the issue you have raised is one that can only be determined conclusively by judicial interpretation. However, pending such judicial determination, it is my opinion that the licensing requirement of the Social Work Licensing Act should not be applied to social work professors
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The question you have raised may also be impacted by two constitutional issues. First, it could be argued that to give the Board the authority to impose a licensing requirement upon social work professors would violate the university's academic freedom. This argument would necessarily rely upon the concept of "institutional academic freedom," which arises out of certain dicta in Sweezy v. New Hampshire,354 U.S. 234, 263 (1957) (wherein the Court described the components of academic freedom as "`the four essential freedoms' of a university — todetermine for itself on academic grounds who may teach, what may be taught, how it shall be taught, and who may be admitted to study." Emphasis added.). See also University of California Regents v. Bakke,438 U.S. 265 (1978); Keyishian v. Board of Regents, 385 U.S. 589 (1967). Second, it could be argued that to give the Board the authority to impose a licensing requirement on social work professors would violate Amendment33 of the Arkansas Constitution. Although the Arkansas Supreme Court has not addressed this issue, at least one circuit court has held that the authority of a state university's board cannot be usurped by a statutorily-created stated agency. See Board of Trustees v. State Boardof Higher Education, Faulkner County Case No. CIV-95-201. Presumably, a similar argument could be formulated concerning the Social Work Licensing Board. Because I am able to respond to your question on the basis of other state law, it is not necessary for me to reach either of these constitutional issues.