The Honorable Paul Bosson, Prosecuting Attorney 18th Judicial District East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
You have requested an Attorney General opinion concerning misdemeanor failure to appear warrants. You indicate that your question arises out of the fact that under some local policies, misdemeanor offenses such as failure to appear warrants are not reported to the Arkansas Crime Information Center (ACIC), due to the expense of extradition and/or the response time needed to transport a defendant from one county to another. You further indicate that because failure to appear warrants are not reported to ACIC, efforts to apprehend defendants are inhibited.
In light of this situation, you have asked:
 Does A.C.A. § 16-84-201(2)(b) require misdemeanor failure to appear warrants to be entered into the records of the Arkansas Crime Information Center?
Response
It is my opinion that misdemeanor failure to appear warrants are not required by A.C.A. § 16-84-201(2)(b) to be reported to ACIC.
The specific information that is required to be reported to ACIC is set forth in A.C.A. § 12-12-1007. In addition, the ACIC board is given considerable discretion in determining the information that is to be reported and in administering the statutes regarding ACIC. See A.C.A. §12-12-1003; A.C.A. § 12-12-201 et seq. The provisions of A.C.A. §12-12-1007, setting forth the specific information that is to be reported to ACIC, do not list misdemeanor failure to appear warrants. Although the statute does require the reporting of "[a]n indictment or criminal information or other statement of charges," see A.C.A. §12-12-1007(a)(4), which could be read broadly to include misdemeanor failure to appear warrants, the ACIC regulations do not interpret the statute in this manner, and do not require that such warrants be reported.[1] The Arkansas Supreme Court has consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. Arkansas State Med.Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996); Douglass v. DynamicEnterprises, Inc., 315 Ark. 575, 869 S.W.2d 14 (1994); Junction CitySch. Dist. v. Alphin, 313 Ark. 456, 855 S.W.2d 316 (1993); Brimer v.Arkansas Contractors Licensing Bd., 312 Ark. 401, 405, 849 S.W.2d 948
(1993); Pledger v. Boyd, 304 Ark. 91, 799 S.W.2d 807 (1990); ArkansasDepartment of Human Services v. Green Acres Nursing Homes, Inc.,296 Ark. 475, 757 S.W.2d 563 (1988); Arkansas Contractors Licensing Bd. v.Butler Const. Co., Inc. of Barling, 295 Ark. 223, 748 S.W.2d 129 (1988);Ragland v. Arkansas Writer's Project, Inc., 287 Ark. 155, 697 S.W.2d 94
(1985), reh. denied, 287 Ark. 155, 698 S.W.2d 802; Morris v. Torch Club,278 Ark. 285, 645 S.W.2d 938 (1983). Because I do not find the ACIC board's regulations to be clearly wrong, I conclude that misdemeanor failure to appear warrants are not required to be reported to ACIC.
You specifically inquired about A.C.A. § 16-84-201, which governs situations in which a defendant has failed to appear. In particular, you note that this statute states in part: "The appropriate law enforcement agencies shall make every reasonable effort to apprehend the defendant." You ask whether this provision imposes upon law enforcement agencies a responsibility to report misdemeanor failure to appear warrants to ACIC.
Although it is certainly true that the responsibility of law enforcement agencies to make every effort to apprehend defendants is consistent with their responsibility to report the required information to ACIC, and that the reporting of this information would assist in apprehending defendants, it is nevertheless my opinion that A.C.A. § 16-84-201 does not dictate what information is required to be reported to ACIC. This statute has another purpose. It is included in a subchapter addressing issues concerning forfeitures, and it specifically addresses actions on bonds. It does not address ACIC issues. As discussed above, the particular information that is required to be reported to ACIC is set forth and governed by A.C.A. § 12-12-1007 and by the ACIC board's interpretation of the ACIC statutes.
Accordingly, I conclude that A.C.A. § 16-84-201 does not require that misdemeanor failure to appear warrants be reported to ACIC, nor do the provisions of A.C.A. § 12-12-1007, as interpreted by the ACIC board.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Section 5(b) of the ACIC's regulations states: "Agencies should enter into ACIC, and into NCIC when appropriate, information on wanted person, missing persons, and stolen property, as soon as the minimum data elements required for entry become available." Although this language appears to advise the entry of information about persons who have failed to appear, it clearly does not require it.