Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have requested an Attorney General opinion concerning the Deferred Retirement Option Plan (DROP) for local police officers (A.C.A. §24-11-434).
You state that the Malvern Police Pension Fund adopted DROP in May, 1999. By mistake, the board allowed one officer to elect DROP retroactively to April 17, 1998 (a date before the board had adopted DROP). The officer retired at approximately the time the DROP program was adopted, and has already received funds under the program. You further state that your office informed the Malvern Fund's board that a retroactive election of this nature was deemed impermissible under the Fire Police Pension Review Board's Rule # 10. You asked the Malvern board to take appropriate administrative action to remedy the situation.
In light of this scenario, you have presented the following questions:
 (1) Did a violation of law occur when the police officer was allowed to elect DROP retroactively?
(2) If so, what authority does the Pension Review Board have to act?
 (3) If the Pension Review Board has authority to act, what action should it take?
Response
Question 1 — Did a violation of law occur when the police officer wasallowed to elect DROP retroactively?
It is my opinion that if you are correct that the Fire Police Pension Review Board has promulgated a rule (Rule # 10) under which retroactive elections are impermissible, the retroactive election that you have described did constitute a violation of law.
The statute that governs the DROP program (A.C.A. § 24-11-424) does not address this question. For that reason, it is my opinion that the Fire Police Pension Review Board's interpretation of this issue is entitled to considerable deference. The Arkansas courts have consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. Southwestern BellTel. v. Ar. Pub. Ser., 69 Ark. App. 323, ___ S.W.3d ___ (2000);Southwestern Bell v. Ar. Pub. Ser., 68 Ark. App. 148, 5 S.W.3d 484
(1999); ATT Comm. v. Arkansas Pub. Ser. Comm., 67 Ark. App. 177,994 S.W.2d 494 (1999); Arkansas State Med. Bd. v. Bolding, 324 Ark. 238,920 S.W.2d 825 (1996); Douglass v. Dynamic Enterprises, Inc., 315 Ark. 575,869 S.W.2d 14 (1994); Junction City Sch. Dist. v. Alphin, 313 Ark. 456,855 S.W.2d 316 (1993); Brimer v. Arkansas Contractors Licensing Bd.,312 Ark. 401, 405, 849 S.W.2d 948 (1993); Pledger v. Boyd, 304 Ark. 91,799 S.W.2d 807 (1990); Arkansas Department of Human Services v. Green AcresNursing Homes, Inc., 296 Ark. 475, 757 S.W.2d 563 (1988); ArkansasContractors Licensing Bd. v. Butler Const. Co., Inc. of Barling,295 Ark. 223, 748 S.W.2d 129 (1988); Ragland v. Arkansas Writers' Project,Inc., 287 Ark. 155, 697 S.W.2d 94 (1985), reh denied, 287 Ark. 155,698 S.W.2d 802; Morris v. Torch Club, 278 Ark. 285, 645 S.W.2d 938 (1983).
The Arkansas Fire Police Pension Review Board is charged with the responsibility of making rules and regulations for the enforcement of the laws governing local fire and police pensions. A.C.A. § 24-11-203(j)(1). Its interpretation of its rules and of the laws that those rules enforce will be upheld unless that interpretation is clearly wrong. I find nothing in the Board's interpretation of the DROP statute that conflicts with the statute or is otherwise clearly wrong. I therefore conclude that if the Board finds that a retroactive election of DROP is impermissible under its interpretation of the statute, that conclusion will be upheld.
Question 2 — If so, what authority does the Pension Review Boardhave to act?
It is my opinion that the Board's authority to act in this situation is governed by A.C.A. § 24-11-202, which states:
 (a) If it is determined that a plan is not complying with the provisions of this subchapter, the executive director shall certify the noncompliance to the Insurance Commissioner, who shall withhold all moneys otherwise due the plan from the state until compliance is achieved.
 (b) All actions taken by the executive director shall be subject to review and acceptance by the Arkansas Fire and Police Pension Review Board.
A.C.A. § 24-11-202.
The words "this subchapter" actually read "this Act" in Act 700 of 1979, which was the original form of this statute. The words "this Act" have also been retained in all of the subsequent acts that have amended Act 700. Although it is true that the DROP statute was not a part of Act 700 or its amending acts, I nevertheless conclude that the DROP statute should be deemed a part of the statutes that are administered and enforced under the Arkansas Fire and Police Pension Review Board's authority. I base this conclusion on the broader language of the statute that sets forth the Board's powers. That pertinent phrase of that statute states: "The review board shall have the power to make all rules and regulations necessary to enforce the laws governing funding standards and benefit levels for fire and police pension and relief funds." A.C.A. §24-11-203(j)(1). Because the DROP program clearly impacts upon "benefit levels for fire and police pension and relief funds," it is my opinion that the Fire and Police Pension Review Board has authority to administer and enforce the DROP statute.
Thus, under the authority of A.C.A. § 24-11-202, the executive director of the Fire and Police Pension Review Board has a duty to report the retroactive election of DROP (which the Board deems to be unlawful) to the Insurance Commissioner, who is to withhold state moneys from that local plan until the violation has been corrected.
In correspondence that is attached to your opinion request, the local plan contends that correcting its inadvertent violation at this point would make matters worse. This contention is not explained. I therefore am unable to comment on it. I note, however, as a practical matter, that if the violation is corrected in the course of negotiations between the Fire and Police Pension Review Board and the local plan, a report to the Insurance Commissioner would not be necessary.
Question 3 — If the Pension Review Board has authority to act, whataction should it take?
See response to Question 2.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh