The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have presented the following question for my opinion:
 Can an officer issue a handicapped-parking citation on a uniform traffic citation without the operator of the vehicle being present?
It is my understanding that your question refers to violations of the "Access to Parking for Persons With Disabilities Act," A.C.A. § 27-15-301et seq. More specifically, I understand that you are referring to violators who, without authorization, park in spaces reserved for persons with disabilities. It is my further understanding that the "uniform traffic citation" to which your question refers is the "uniform traffic citation" form that is promulgated by the Department of Arkansas State Police pursuant to A.C.A. § 27-50-502(a).
RESPONSE
It is my opinion, as explained more fully below, that an officer can issue a uniform traffic citation for violation of the Access to Parking for Persons With Disabilities Act even if the operator of the vehicle is not present.
Before discussing the basis for this conclusion, I must discuss an argument that could be presented in support of the opposite conclusion. I will explain why I reject this argument.
An argument that could be made against the issuance of uniform traffic citations for violations of the Access to Parking for Persons With Disabilities Act would be that this use of the uniform traffic citation is inappropriate because violation of this Act is not a misdemeanor, see
A.C.A. § 5-1-107 (rather it is a "violation," see A.C.A. § 5-1-108), and "citations" can be issued only for misdemeanors.[1] See Ark. R. Crim. P., Rule 5.2. Moreover, it would follow that the uniform traffic citation should not be issued unless the violator is present. Rules 5.3 and 5.4 of the Arkansas Rules of Criminal Procedure set forth certain requirements regarding the form of "citations" and the procedure for issuing citations. Two of these requirements appear to contemplate the presence of the violator. One such requirement is that citations must include "a space for the signature of the accused acknowledging his promise to appear." Ark. R. Crim. P., Rule 5.3(a)(vi). Another is that in issuing citations, the officer is required to "deliver one (1) copy of the citation to the accused." Ark. R. Crim. P., Rule 5.4(a).
In my opinion, this line of argument should fail. I base this conclusion on the history of the use of "citations."
The uniform traffic citation is authorized by A.C.A. § 27-50-502, which states:
 (a)(1) The Department of Arkansas State Police is authorized and directed to promulgate a uniform traffic citation form.
 (2) The form so promulgated shall be used to exclusively by all law enforcement officers and agencies in this state in issuing citations for traffic law violations.
 (b) Subsection (a) of this section shall not prohibit municipalities from promulgating uniform citation forms for use in enforcement of violations of its municipal code ordinances for offenses other than moving traffic law violations.
A.C.A. § 27-50-502.
This statute was enacted in 1971, see Acts 1971, No. 250, § 3, approximately five years before the adoption of the Arkansas Rules of Criminal Procedure. The Arkansas Rules of Criminal Procedure, which created the citation procedure and defined the term "citation" as used in the rules setting forth the required procedure, were adopted effective January 1, 1976. Because the Arkansas Rules of Criminal Procedure were not in effect at the time of the enactment of A.C.A. § 27-50-502, which authorized the uniform traffic citation, it is my opinion that the legislature was not using the term "citation" in that statute as it was later defined and described in the rules. For this reason, it is my opinion that the rules' requirements that "citations" be issued only for violations that constitute misdemeanors and that they be delivered to the offender do not apply to the uniform traffic citation. Accordingly, I conclude that uniform traffic "citations" are not the type of "citations" that are contemplated by the Arkansas Rules of Criminal Procedure. They can, in my opinion, be issued for violations that do not rise to the level of misdemeanors, and they can be issued in the absence of the offender.
This approach is consistent with the Arkansas Supreme Court's holdings concerning conflicts between statutes and rules of procedure that have been adopted by the Supreme Court. In cases involving such conflicts, the court applies the following principle: To the extent that statutory provisions conflict with rules of procedure, the statutory provisions will take precedence unless applying them would compromise the primary purpose of the rule with which they conflict. If the primary purpose of the court rules would be compromised, the rules will take precedence. However, if in the case of such a conflict, the application of the provisions of the statute in a particular case is necessary to preserve a well-established public policy that has its basis other than in court administration, the provisions of the statute will take precedence. See Price v. Price,341 Ark. 311, 16 S.W.3d 248 (2000); State v. Sypult, 304 Ark. 5,800 S.W.2d 402 (1990).
To the extent that any conflict might arise between the issuance of a uniform traffic citation under A.C.A. § 27-50-502 for violations of the Access to Parking for Persons With Disabilities Act and the Arkansas Rules of Criminal Procedure concerning "citations," this issuance would not, in my opinion, compromise the primary purpose of the Arkansas Rules of Criminal Procedure concerning citations. These citation rules that were adopted in 1976 had the purpose of expanding the discretion of police to forego arrests and detention in certain situations in which they formerly had no such discretion. See Kirkpatrick, Arrest, Citation andSummons, 30 Ark. L.R. 137 (1976). The issuance of the uniform traffic citation for violations of the Access to Parking for Persons With Disabilities Act does not in any way compromise this purpose.
My conclusion regarding the permissibility of this use of the uniform traffic citation is supported by two other factors.
First, any discussion of the state of being parked in a prohibited space (such as that which occurs in the Access to Parking for Persons With Disabilities Act) necessarily presupposes (or at the very least, encompasses) the possibility of the absence of the operator of the vehicle. Law enforcement officers are explicitly authorized to enter into both public parking lots and private parking lots (conditionally) for the purpose of enforcing the provisions of the Act. A.C.A. § 27-15-306. They clearly are not expected to wait indefinitely for the return of the vehicle operator before their statutory enforcement authority becomes effective. The Arkansas Supreme Court has consistently applied the principle that statutes should not be interpreted in a manner that would lead to an implausible result. See, e.g., ATT v. Public Serv.,344 Ark. 188, 40 S.W.3d 273 (2001); Burford Distributing, Inc. v. Starr,341 Ark. 914, 20 S.W.3d 363 (2000); Yarbrough v. Witty, 336 Ark. 479,987 S.W.2d 257 (1999).
Second, the Department of Arkansas State Police takes the position that a uniform traffic citation can be issued for violations of the Access to Parking for Persons With Disabilities Act in the absence of the operator of the vehicle. The Arkansas courts have consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. See, e.g., Kuhn v.Director, AESD., E 03-4, 39 S.W.3d 798 (Ark.App. 10-08-2003); ArkansasGas Consumers v. Ark. Pub. Ser. Comm., 02-1312, 39 S.W.3d 798 (Ark. 9-18-2003); Cave City Nursing Home, Inc. V. Arkansas DHS, 351 Ark. 13,89 S.W.3d 884 (2002); Yamaha Motor Corp. v. Richard's Honda Yamaha,344 Ark. 44, 38 S.W.3d 356 (2001); Southwestern Bell Tel. v. Ar. Pub. Ser.,69 Ark. App. 323, 13 S.W.3d 197 (2000); Southwestern Bell v. Ar. Pub.Ser., 68 Ark. App. 148, 5 S.W.3d 484 (1999); ATT Comm. v. ArkansasPub. Ser. Comm., 67 Ark. App. 177, 994 S.W.2d 494 (1999); Arkansas StateMed. Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996); Douglass v.Dynamic Enterprises, Inc., 315 Ark. 575, 869 S.W.2d 14 (1994); JunctionCity Sch. Dist. v. Alphin, 313 Ark. 456, 855 S.W.2d 316 (1993); Brimerv. Arkansas Contractors Licensing Bd., 312 Ark. 401, 405, 849 S.W.2d 948
(1993); Pledger v. Boyd, 304 Ark. 91, 799 S.W.2d 807 (1990); ArkansasDepartment of Human Services v. Green Acres Nursing Homes, Inc.,296 Ark. 475, 757 S.W.2d 563 (1988); Arkansas Contractors Licensing Bd. v.Butler Const. Co., Inc. of Barling, 295 Ark. 223, 748 S.W.2d 129 (1988);Ragland v. Arkansas Writers' Project, Inc., 287 Ark. 155, 697 S.W.2d 94
(1985), reh denied, 287 Ark. 155, 698 S.W.2d 802; Morris v. Torch Club,278 Ark. 285, 645 S.W.2d 938 (1983).
Because the Department of Arkansas State Police has primary authority to determine the use of the uniform traffic citation form and is the top law enforcement agency with authority to enforce the Access to Parking for Persons With Disabilities Act, it is my opinion that the Department's position regarding this matter will be given considerable deference. In my view, this position is not clearly wrong and will be upheld for that reason.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] An exception to this general rule is that upon recommendation of the prosecuting attorney, a citation may be issued in lieu of custody to a person who has been arrested for a felony. See Ark. R. Crim. P., Rule 5.2(c).